INDIANAPOLIS ABATTOIR COMPANY *v.* BRYANT.

[No. 10,166.   Filed March 20, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Claimant's Refusal to Permit Autopsy.—Jurisdiction of Industrial Board.*—Although §27 of the Workmen's Compensation Act, Acts 1915 p. 392, provides that the employer, or the Industrial Board, shall have the right in any case to require an autopsy, the refusal of the next of kin to consent thereto does not deprive the board of jurisdiction to proceed to a final ⟨disposition of the case. p. 228.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Waiver of Autopsy.—Jurisdiction of Industrial Board.*—Although claimant refused consent, the employer waived the right to an autopsy, as provided by §27 of the Workmen's Compensation Act, Acts 1915 p. 392, where it made no objection before the Industrial Board until after the trial and award, and it was then too late to question the board's jurisdiction of the subject-matter and of the parties.   p. 228.

3. *MASTER AND SERVANT.—Workmen's Compensation Act.—Construction.—Right to Autopsy.*—Section 27 of the Workmen's Compensation Act, Acts 1915 p. 392, giving the employer the right to require an autopsy in case of accidental death of an employe, does not give the employer the right of an autopsy where the

cause of death is clearly apparent without it, and the right should be exercised with caution.  p. 229.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Autopsy.—Refusal.*—Where a claimant for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, told the employer's agent that she would not allow an autopsy unless it was absolutely necessary, but that she would talk with the employer, who failed to see her in reference to the matter, there was no unequivocal refusal to grant the employer the right to an autopsy as provided in §27 of the.act.  p. 230.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act for compensation by Rebecca Bryant against the Indianapolis Abattoir Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Taylor, Carter & Wright,* for appellant.
*Means & Buenting,* for appellee.

IBACH, C. J.—This is an appeal from the finding and award of the full Industrial Board. The board found the facts to be substantially as follows: On June 20, 1917, one John Bryant was in the employment of appellant at an average. weekly wage of $12.25. On said date he received a personal injury by accident arising out of and in the course of his employment, resulting in his death on July 1, 1917. Appellant had actual knowledge of the accidental injury at the time it occurred, administered to him first-aid treatment at the time of the injury, furnished him an attending physician on June 23, 1917, and filed a report of such injury with the board on June 29, 1917. Decedent left surviving him as his sole and only dependent appellee. That decedent's body was embalmed on the evening of July 1, 1917, and on the afternoon of July 2, 1917, appellant made a formal request of appellee for an autopsy upon the

body of decedent, whereupon she informed it she did not desire an autopsy and would not consent to one unless it were absolutely necessary. Appellant did not follow up such request and did not advise her that an autopsy was necessary. At the time the autopsy was requested the body had been embalmed and it would have availed nothing then in the determination of the cause of the death.

The provision of the statute here involved, reads: "The employer, or the Industrial Board, shall have the right in any case of death to require an autopsy at the expense of the party requiring same." §27 Workmen's Compensation Act, Acts 1915 p. 392.

Appellant contends in effect that said provision confers upon employers an express mandatory right to require an autopsy in the event of the death of an employe which must be respected; that the death in and of itself vests such right, and when it is asserted by an employer it cannot be disregarded; that the board was without power in this case to make a final disposition until such autopsy was held.

It is further contended that: "The evidence discloses and is uncontradicted that the employer asserted the right of autopsy by making demand upon the next of kin, who, in law, had the custody and the legal right to dispose of the body of the deceased, one of whom was appellee, and this right upon such request and demand was absolutely and unequivocally denied; that it had done all that the law required it to do for the purpose of enforcing its right to an autopsy." On the other hand appellee insists that the evidence does not show an absolute refusal and in any event appellant was not harmed thereby.

Appellant has raised a jurisdictional question,

namely, the right of the board to proceed to a final disposition of the case without requiring an autopsy. We will first determine such question. It will be observed that the statute in question contains no provision for making an autopsy further than the mere grant of the right, and provides no penalty or condition in case the claimant refuses to consent to it. Neither can it be implied from the statute as a whole that the legislature intended any penalty to follow a refusal.

In our judgment the refusal of a claimant to consent to an autopsy would not deprive the board of jurisdiction to proceed to a final disposition

1. of the case. But there is another reason why appellant should not be permitted at this time to question the jurisdiction of the board. So

2. far as the record discloses, appellant filed no plea in abatement, made no attempt to renew its request for an autopsy before the board, and permitted the cause to proceed to trial before less than the full board without any objection until after the hearing was concluded and an award made in favor of appellee. It was then too late to make such an objection where the board had jurisdiction of the subject-matter and of the parties.

The right to demand an autopsy was a right that could be waived, and in our judgment was waived under the facts of this case. As heretofore stated, the refusal of a claimant to consent to an autopsy carries no penalty. Nothing could be lost by appellee by her action. The only benefit to which appellant could lay claim was the right to an autopsy. Its failure, therefore, to follow up its request in some manner must be construed as a waiver of such right.

Indianapolis Abattoir Co. v. Bryant—67 Ind. App. 225.

What we have said would fully dispose of this appeal, but in view of the character of the question it is of sufficient interest to warrant further consideration. This is the first case in this state and no foreign case has been called to our attention, and we have found none, involving the construction of a similar statutory provision. The purpose of the law-making body in enacting such statute was no doubt for the protection of the employer against unjust claims, particularly against the payment of compensation where death is due to natural causes instead of by accident. We do not believe that it was the intention of the legislature that an autopsy could be demanded in every case of death. Such a construction would render the provision unreasonable where the cause of death is clearly apparent without it,—where the cause of the death is not uncertain and is not in dispute. The right to an autopsy is to be exercised with caution. It is one calculated under the most favorable circumstances to cause some distress of mind to the family of the deceased.

There was a dispute in this case as to the cause of decedent's death, and under the construction of the statute herein declared, appellant had the right, if properly exercised, to have an autopsy performed. Where, as here, the legislature has not provided the procedure for its enforcement, that adopted must be reasonable both as to the time and the occasion for its exercise.

Appellant assumes that the evidence shows that appellee's refusal to consent to an autopsy on the body of decedent was absolute and unequivocal. This is not supported by the record. There is evidence

4. tending to show that decedent died on July 1, 1917, and that the next afternoon a representative of appellant came to see whether or not a *post mortem* examination could be held. Appellee told him that unless it was absolutely necessary she did not want it done. The representative stated that Mr. Johnson sent him, and appellee asked him to have Mr. Johnson come and she would talk to him. The representative then stated that he merely came to ask about it. Mr. Johnson never came. This was after the body had been embalmed. The embalming had taken place on Sunday and the request for an autopsy was made Monday afternoon. It is not shown that appellant's representative had any physician or any one with him to perform the work when the request was made. It might have been if appellant had sent a physician to make the examination that appellee would not have made any objection. Can it be said that the evidence above set out shows an unequivocal refusal to grant appellant the right conferred by statute? We conclude not. *Indiana Bond Co.* v. *Jameson* (1899), 24 Ind. App. 8, 12, 56 N. E. 37.

Award affirmed.

NOTE.—Reported in 119 N. E. 24.