GENERAL AMERICAN TANK CAR CORPORATION *v.* ZAPALA.

[No. 16,004. Filed November 4, 1937. Rehearing denied December 16, 1937.]

419

*James M. Barrett, Jr., Phil M. McNagny, Leigh L. Hunt, Mentor Kraus,* and *J. A. Bruggeman,* for appellant.

*Rider & Thuma,* and *White, Wright & Boleman,* for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board granting appellee compensation as the dependent widow of Frank Zapala.

Proper application having been filed, the cause was submitted to a single member of the board for trial on January 5, 1937. It was stipulated in evidence that Frank Zapala received an accidental injury on August 21, 1936, in the course of his employment by appellant; that he died on August 27, 1936; that as a result of said injury he "sustained a loss by amputation of not more than one phalanx of the left thumb." All other facts necessary to sustain the award were stipulated except the fact as to whether or not there was a causal connection between the injury and the death of said employee.

On that date, January 5, 1937, the hearing member heard evidence as to such fact, including the testimony of a "coroner's physician" of Cook County, Illinois, as to his "findings" from a post mortem autopsy which he performed on the body of said employee. His testimony was introduced by appellant without objection by appellee although it was conclusively shown that no notice of the autopsy, as is required by section 27 of the Work-

men's Compensation Act, was given, and it was conclusively shown that no one else was present when the witness performed the autopsy. It is not shown who requested the autopsy or why it was performed.

On January 15, 1937, appellee filed a motion to suppress the testimony of said coroner's physician "as to all information obtained by . . . (him) from . . . (said) autopsy . . . on the ground that said autopsy was performed without notice being given to the widow or next kin of said Frank Zapala, deceased."

On January 22, 1937, the hearing member made a finding and award in favor of appellee granting her compensation. On January 24, 1937, appellant filed a petition for an autopsy on the body of said employee. Appellant having duly filed a petition for review by the full board, the board on March 15, 1937, denied appellant's petition for autopsy, sustained appellee's motion to suppress said evidence of said coroner's physician, and made a finding and award.

The Industrial Board found that:

"On August 21, 1936, while in the employ of the defendant at an average weekly wage of $29.36, one Frank Zapala suffered an injury as a result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention. That as a result of said accidental injury the said Frank Zapala lost by amputation the distal phalanx of his left thumb; that the said Frank Zapala died on August 27, 1936; that at the time of his death the said Frank Zapala was living with Rose Zapala, his wife, who was wholly dependent upon him for support.

"And the Full Board now finds that the death of said Frank Zapala was due to a heart condition which was accelerated and aggravated by the accidental injury which occurred on August 21, 1936. . . . "

Compensation was awarded in accordance with the

finding. The error assigned on appeal is that the award is contrary to law. Appellant contends that the evidence does not show a causal connection between the injury and death of the employee.

In addition to the facts shown by the stipulated evidence to which we have referred the evidence showed that decedent's thumb was amputated on August 21, 1936, the date of the injury, that he was kept in the hospital until August 25, 1936, when he was dismissed by the "company doctor" who performed the amputation; that decedent suffered severe pain in his left thumb and hand while in the hospital, and during the first night after such dismissal; that on the next day he was taken to the "company doctor" on account of said pain, but the doctor did not consider it serious. The evidence does not show whether the doctor treated the employee or advised any treatment. That night the pain became more severe and appellee called the "company doctor" by telephone, but he told appellee to get a "family doctor." The Zapala's having no "family doctor" they called the hospital where the amputation was performed, and another doctor came pursuant to that call about 11:30 P. M. The patient told the doctor that a pain was going back and forth from the injured thumb to his heart. The doctor examined the patient, gave him a hypodermic, and prescribed some medicine. The patient died about 8:00 a. m. the next morning. In answer to a hypothetical question this doctor said in effect that in his opinion the death was due to a "reflex inhibition of the vagus nerve that caused the heart to stop. This reflex inhibition came from the pain."

We hold that said evidence is sufficient to sustain a finding that there was a causal relationship between the injury and the death. Appellant also contends that the Industrial Board committed reversible error in sustaining appellee's motion to suppress

said testimony of said coroner's physician. Appellant says that since said evidence was introduced without objection it, appellant, assumed that the evidence would be considered, and that evidence having been suppressed on a motion filed several days after the hearing was had, "appellant was deprived of an opportunity to present other evidence to take the place of such testimony . . ." and therefore did not have a fair trial.

Sec. 27 of the Workmen's Compensation Act (sec. 40-1227 Burns 1933, §16403 Baldwin's 1934) provides in part as follows:

> "The employer, or the industrial board, shall have the right in any case of death to require an autopsy at the expense of the party requiring same. No autopsy shall be held in any case, by any person, without notice first being given to the widow or next of kin, . . . of the time and place thereof and reasonable time and opportunity given such widow or next of kin to have a representative or representatives present to witness the same: Provided, *If such notice is not given all evidence obtained by such autopsy shall be suppressed on motion duly made to the industrial board.*"

Whether or not the motion to suppress was "duly" made was a question for the Industrial Board to determine within its sound discretion. Said testimony was not offered until January 5, 1937, more than four months after the employee's death. It cannot be seriously doubted that sec. 27, *supra,* of the act would have required the Industrial Board to have sustained a motion to suppress said evidence, if such motion had been filed at the time that evidence was offered. The record does not show that appellant's ability to present its defense was any better on that date than it was ten days later, January 15, 1937, when the motion to suppress was filed, or on March 15, 1937, when the motion was sustained. No abuse of discretion, on the part of the Industrial Board, in sustaining said motion is shown.

Appellant is presumed to have known the law. The fact that appellee did not object to said evidence at the time it was offered could not authorize the Industrial Board to disregard the proviso of Sec. 27 which we have quoted and italicized.

The record does not show that appellant was prohibited from introducing any legal evidence. Apparently appellant elected to rely on illegal evidence to make out its defense; that being so, it is not in a position to complain on the ground that they were "deprived of an opportunity to present other evidence to take the place of such . . . illegal evidence."

Appellant further contends the Industrial Board committed reversible error in denying appellant's petition for autopsy. Section 27, *supra,* of the act provides that the employer shall have the right in any case of death to require an autopsy.

Appellant having failed to request an autopsy from August 27, 1936, when decedent died until after January 5, 1937, when he permitted the cause to proceed to trial before the hearing member of the Industrial Board and until after the hearing was concluded and an award was made in favor of appellee by the hearing member, appellant thereby waived his right to such autopsy. *Indianapolis Abbattoir Co.* v. *Bryant* (1917), 67 Ind. App. 225, 119 N. E. 24.

No reversible error having been shown the award is affirmed, and increased five per cent as provided by statute.

Bridwell C. J. concurs.