## CUNNINGHAM ET AL. *v.* COLEN.

[No. 16,364. Filed April 10, 1939.]

*William B. Miller* and *L. Russell Newgent,* for appellants.

*Russell I. Richardson,* for appellee.

BRIDWELL, J.—Appellee was injured while engaged in repairing a pasteurizer for appellants, and filed with the Industrial Board his application for an adjustment of his claim for compensation on account of the injuries suffered.

The Industrial Board, after hearing an application for review of an award made by one of its members, made its finding and award in favor of appellee, granting compensation, and from said award this appeal is perfected, appellants assigning as error that the award is contrary to law.

The finding of facts as set forth in appellants' brief, omitting its formal parts, is as follows:

"And the full Industrial Board . . . now finds that on October 16, 1937, while in the employ of the defendants (appellants) at an average weekly wage of $19.40, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment.

"It is further found that the defendants have paid the hospital bill incurred since the first ninety days following the accidental injury.

"It is further found that defendants have not paid the medical and surgical services next following the accidental injury."

In considering this appeal, we necessarily note that the Industrial Board in its finding of facts has wholly failed to find that disability, either partial or total, or impairment to any extent, or any loss, or partial loss, of use of any particular member or organ of the body resulted from the injury sustained by appellee. True, there are findings concerning the payment and the non-payment of hospital, medical and surgical bills, but the findings in this respect do not furnish information concerning the character and extent of the injury sustained.

In *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 161, 123 N. E. 196, this court, in reversing an award made by the Industrial Board, said:

"The board is, by the statute, required to find the facts upon which it bases an award. . . . In cases of this character there are five facts which must be found as a legal basis for an award of compensation, viz.: (1) That claimant was an employee. (2) That he received an injury by accident. (3) That the accident arose out of and in the course of the employment. (4) The character and extent of such injury. (5) Claimant's average weekly wage."

See, also: *Livers* v. *Graham Glass Co.* (1932), 95 Ind. App. 358, 177 N. E. 359; *Finkley* v. *Eugene Saenger Tailoring Shop* (1935), 100 Ind. App. 549, 196 N. E. 536.

This court cannot discharge a duty imposed upon the Industrial Board by our compensation law. We cannot

rightfully examine the evidence to see if evidence exists from which the board might have found an essential fact which it failed to find, and which, if found, would, in connection with the other facts embraced in the finding of the board, constitute a proper basis for an award of compensation, and then proceed as though the board had discharged its duty in this respect. Ultimate facts sufficient to sustain an award of compensation in favor of an injured employee must be found by the Industrial Board.

Appellants challenge the sufficiency of the evidence to sustain the finding made relative to appellee being an employee, asserting that the uncontradicted evidence shows him to have been an independent contractor. They also contend that there was no evidence from which the board could by any method provided by our compensation act determine the amount of the average weekly wage of appellee. Because of the board's failure to make a finding upon which a legal award can be based, we need not in this appeal determine either contention, but, after reading all the evidence, we are of the opinion that, at the request of either of the parties, or in the discretion of the board, additional evidence bearing upon the question of appellee's weekly wage should be heard.

In the instant case the finding of facts is silent as to the character and extent of injury, and because of this, such finding is not sufficient upon which to base an award. The award is, therefore, contrary to law, and is reversed, with instructions for further proceedings consistent with this opinion.