McDERMID ET AL. *v.* PEARSON COMPANY, INC.

[No. 16,385. Filed May 23, 1939. Rehearing denied October 18, 1939.]

*Faust, Faust & Faust,* for appellants.

*Thomas M. Cooney,* and *John J. McShane,* for appellee.

LAYMON, J.—This is an appeal from an award of the full Industrial Board by a majority of its members dismissing appellants' application for the adjustment of a claim for compensation.

The record discloses that the application was filed with the Industrial Board on December 29, 1938, in which it was alleged that appellants' decedent died on

November 24, 1938, as a proximate result of personal injuries received by him on November 23, 1938, by reason of an accident arising out of and in the course of his employment by appellee, and that "defendant [appellee] had actual knowledge of accident and injury, immediately following the happening thereof."

On January 10, 1939, the Industrial Board gave notice that the matter would be heard on January 31, 1939. The hearing was continued and reset for February 13, 1939.

On the 2nd day of February, 1939, appellee, by counsel, filed with the Industrial Board in said cause an application for autopsy, wherein it was alleged that after the death of appellants' decedent, the coroner of Marion County conducted an inquest into the death of said decedent, examined certain witnesses, including an attending physician, and concluded the inquest without an autopsy; that said applicant has consulted with two duly licensed and practicing physicians of Indianapolis, and has been advised by them "that the defendant cannot safely proceed to the trial of said cause without an autopsy being held, all the expense of which the defendant is ready, able and willing to defray"; that said decedent was buried in Washington Park Cemetery, Indianapolis, Indiana; and that on February 2, 1939, the applicant made a request of the attorneys for the appellants for an autopsy, but said request was refused by said attorneys.

On February 6, 1939, the application for autopsy on the body of appellants' decedent came up for hearing before the full Industrial Board, and, after considering the application for compensation and the application for an autopsy, the board found that the cause of the death of said "deceased employee" is uncertain and in dispute and can be determined in all

probability by a post-mortem examination. An order was entered granting appellee the right and privilege to exhume the interred body of said decedent and the right and privilege of a post-mortem examination upon the remains of the deceased, for the purpose of ascertaining whether or not the death of appellants' decedent was the result of an accidental injury arising out of and in the course of the employment by appellee. The post-mortem examination and reinterment were to take place during the period from February 6, to February 10, 1939. On February 10, appellants unsuccessfully moved to vacate said order and thereupon, on February 13, filed with the board their written refusal to comply with the order for autopsy made on February 6, 1939. On February 21, the full Industrial Board entered its order dismissing appellants' application for compensation by reason of the refusal of appellants to comply with the order of the board authorizing a post-mortem examination upon the remains of their decedent.

It is from this final order that appellants appeal, assigning as error for reversal that the final order of the full board is contrary to law.

The statute under which appellee seeks to invoke its right to an autopsy provides as follows: (§40-1227 Burns 1933, §16403 Baldwin's 1934) "The employer, or the industrial board, shall have the right in any case of death to require an autopsy at the expense of the party requiring same." This section of the statute does not provide unconditionally the right to an autopsy in all events. It recognizes by implication that there must be a necessity for such autopsy and that a demand therefor should be made at a reasonable time and place. *Vonnegut Hardware Co.* v. *Rose* (1918), 68 Ind. App. 385, 120 N. E. 608.

Obviously it is not every case in which there is need

for an autopsy. Furthermore, such right should be exercised with the greatest of caution in cases where the request for the autopsy has been made after interment has taken place, so that relatives of the deceased may not be caused any more mental distress than is absolutely necessary in view of all the circumstances.

In the case of *Indianapolis Abattoir Co.* v. *Bryant* (1918), 67 Ind. App. 225, 119 N. E. 24, it was contended that the above section of the statute conferred upon employers an express mandatory right to require an autopsy in the event of the death of an employee; that such right, when asserted by the employer, cannot be disregarded; and that the board was without power to make a final disposition of the case until such autopsy was held. In disposing of these contentions the court, at page 228, said: ''It will be observed that the statute in question contains no provision for making an autopsy further than the mere grant of the right, and provides no penalty or condition in case the claimant refuses to consent to it. Neither can it be implied from the statute as a whole that the Legislature intended any penalty to follow a refusal.'' The court concluded that the refusal of a claimant to consent to an autopsy would not deprive the board of jurisdiction to proceed to a final disposition of the case. The court further held that the right to demand an autopsy was a right that could be waived.

In the instant case the record fails to disclose that any evidence was submitted to or considered by the board upon appellee's application for an autopsy, other than the facts recited in the application and such facts as were stated in the application for compensation.

It affirmatively appears from the application for

compensation that appellants' decedent died on November 24, 1938, as the result of injuries sustained by him on November 23, 1938, and that appellee had actual knowledge of the accident and injury immediately following the happening thereof. From appellee's application it appears that a request for an autopsy was not made until February 2, 1939, when appellee made such request of appellants' attorneys. The record further discloses that prior to the dismissal of appellants' application for compensation appellants unsuccessfully moved the board in writing to set aside and vacate the order for an autopsy, and thereafter filed their written refusal to comply with such order. In both the motion to vacate and the refusal to comply appellants stated that the decedent was taken to the Methodist Hospital in Indianapolis, Indiana, within two hours after the accident and that a physician attended and examined said decedent within four hours after the accident for and on behalf of the appellee and its insurance carrier.

In the case of *Vonnegut Hardware Co.* v. *Rose,* supra, it appeared that the decedent died on Sunday and was buried on Monday; that no demand for an autopsy was made until the following Friday; that the employer knew of the death of the employee as soon as it occurred; and that a representative of the employer company called at the home of the claimant the day before the burial. Despite the fact that a request for an autopsy was made and refused, the Industrial Board awarded compensation, and on appeal this court held that under such facts the finding of the board on such question was conclusive. The award was affirmed.

Generally speaking, it is usually a question of fact and is, in the first instance, within the province of the Industrial Board to determine whether or not the de-

mand for an autopsy was made at a reasonable time and place. We are inclined to the view that under the facts in the instant case appellee did not make a request within a reasonable time and thereby waived his right to an autopsy; and we so hold.

In view of the conclusion we have reached we feel it unnecessary to discuss other questions presented in this appeal.

The award of the Industrial Board is reversed, with instructions to reinstate appellants' application for compensation and for further proceedings.

Dudine, J., concurs.