MISSOURI VALLEY BRIDGE & IRON COMPANY *v.*
ALSIP ET AL.

[No. 17,411.   Filed November 9, 1945.]

*Herman L. McCray, Curtis C. Plopper, J. William Davidson, H. C. Sandusky* and *Ruth E. Maier,* all of Evansville, for appellant.

*French Clements,* of Evansville, for appellees.

ROYSE, C. J.—This is an appeal from an award of the Full Industrial Board of Indiana awarding appellees compensation for the death of Lemuel Alsip as the result of an accidental injury arising out of and in the course of his employment with appellant.

The assignment of error here is that the final award of the Full Industrial Board is contrary to law. Under this assignment appellant contends there were not sufficient facts found to sustain the award and there is not sufficient evidence to sustain the award.

The acts necessary to a decision of the question presented by this appeal may be summarized as follows: On the 1st day of August, 1942 Lemuel Alsip sustained an injury arising out of and in the course of his employment with appellant. Appellant had notice of such injury and furnished more than the statutory medical attention. The Industrial Board approved a Form 12 Compensation Agreement whereby appellant agreed to pay decedent compensation at the rate of $16.50 per week from the 20th day of August, 1942 until terminated under the provisions of the statute. Payments were made until October 26, 1943. On the 23rd day of January, 1944 Lemuel Alsip died. On the 26th day of February, 1944 appellees filed their claim on Form 10 for an adjustment of compensation. Decedent left surviving him his widow and son nine years of age, the

appellees herein. There was medical testimony to the effect that his death was due to the injury which arose out of and in the course of his employment.

The record discloses that appellant, after the death of decedent, served the following notice on appellee, Lizzie Alsip:

"To:

"LIZZIE ALSIP

"You are hereby notified that the American Surety Company of New York, the workmen's compensation insurance carrier for the Missouri Valley Bridge & Iron Company, the employer of your husband on August 6, 1942, will, with your consent, proceed to have an autopsy performed upon the body of your deceased husband on *March 3, 1944*, at the funeral home of *Alvin Chinn and Son* at approximately 2:00 P. M.

"You are, of course, given the opportunity to have a representative or representatives present to witness the autopsy."

On the 25th day of February, 1944, said appellee gave the following consent to the holding of an autopsy:

"Lizzie Alsip, widow of Lemuel Alsip, hereby acknowledges service of the above notice and hereby consents that the body of her deceased husband may be removed from the grave and an autopsy performed thereon as requested in the above notice.

"SIGNED and dated at Evansville, Indiana, this 25th day of February, 1944.

"(Signed) Lizzie Alsip."

The record discloses that relying on this consent appellant made arrangements to exhume the body which was buried in the State of Kentucky. On or about March 3, 1944, appellant's attorney and doctor went to the funeral home of the undertaker in Kentucky with whom arrangements had been made to remove the body from

the grave. They were told by the undertaker that they had found decedent's grave but when they went to dig up the grave they were informed by a relative of either Mr. or Mrs. Alsip that such relative would have the law on them. The undertaker thereupon returned to his place of business without removing the body. Appellant's attorney testified he did not see appellee in Kentucky; that appellant was not going to place the undertaker or its doctor in an embarrassing position, therefore it did not try to recover the body.

Thereafter, appellant filed what it denominated "Defendant's Application for Autopsy," which set up the facts substantially as aforesaid, and requested the Industrial Board to require appellees to consent to the holding of an autopsy. Subsequently appellant filed a special answer in bar to appellees' application, which contained substantially the same allegations as those in the application for an autopsy.

At the hearing of this case appellee Lizzie A. Alsip testified she did not understand what she was signing when she signed the consent for the autopsy. She said if she had understood it she would not have consented because appellant had 18 months to make an examination of the decedent before he died. She said when she heard they were digging up the grave she called an attorney in Kentucky to stop it.

Appellant's sole contention in this appeal is that the finding and award of the Full Industrial Board was contrary to law for the reason that appellant had complied with all requirements of law in attempting to secure an autopsy upon the body of the deceased, Lemuel Alsip, and, notwithstanding, the Full Industrial Board refused to recognize appellant's special answer in bar and held for appellees.

Section 40-1227, Burns' 1940 Replacement, provides as follows:

"After an injury and during the period of resulting disability or impairment, the employee, if so requested by his employer or ordered by the industrial board, shall submit himself to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer or the industrial board. The employee shall have the right to have present at any such examination any duly qualified physician or surgeon provided and paid by him. No fact communicated to, or otherwise learned by any physician or surgeon who may have attended or examined the employee, or who may have been present at any examination, shall be privileged, either in the hearings provided for in this act, or any action at law brought to recover damages against any employer who is subject to the compensation provisions of this act. If the employee refuses to submit himself to or in any way obstructs such examination, his right to compensation and his right to take or prosecute any proceeding under this act shall be suspended until such refusal or obstruction ceases, and no compensation shall at any time be payable for the period of suspension unless in the opinion of the industrial board the circumstances justify the refusal or obstruction.

"The employer, or the industrial board, shall have the right in any case of death to require an autopsy at the expense of the party requiring same.

"No autopsy shall be held in any case, by any person, without notice first being given to the widow or next of kin, if they reside in this state or their whereabouts can reasonably be ascertained, of the time and place thereof and reasonable time and opportunity given such widow or next of kin to have a representative or representatives present to witness the same: Provided, if such notice is not given all evidence obtained by such autopsy shall be suppressed on motion duly made by the industrial board."

In construing that part of this section referring to the right of an employer to have an autopsy, this court, in the recent case of *Town of Newburgh* v. *Jones* ■ (1945), 115 Ind. App. 320, 58 N. E. (2d) 938, said:

"It seems clear that the statute as above construed gives the employer, in any case in which the cause of death is disputed, the absolute right to hold an autopsy on the body of the deceased providing the procedure adopted is reasonable both as to the time and occasion of its exercise and providing further that proper notice thereof is given. In other words an employer's right to an autopsy, when exercised under the circumstances and in the manner above indicated, is beyond the jurisdiction of the Industrial Board to either deny or grant and is not contingent upon the consent of the widow or next of kin."

We are in complete accord with the foregoing construction of this statute. In the instant case it is admitted by appellant's attorney that when the undertaker informed him of the objection to the autopsy appellant took no action to enforce its right because it did not want to embarrass the doctor or the undertaker.

Even if the statement of appellee Lizzie Alsip that she called an attorney to stop the digging of the grave can be construed as an attempt to prevent the ■■ holding of the autopsy, this, under our ruling in *Town of Newburgh* v. *Jones, supra,* would not affect appellant's right. Appellant had the right to an autopsy and if it desired to exercise the right it had the duty to enforce it by appropriate action. The Industrial Board had no jurisdiction to deny or grant the application for an autopsy.

It is to be noted the part of the section of the statute, *supra,* referring to an autopsy differs materially from

the first part of said section providing that an ██ employer shall have a right to require an injured employee to submit himself for examination to a physician or surgeon designated by the employer, with the proviso that if the employee refused to submit to such an examination his right to compensation shall be suspended until such refusal ceases. In that portion of the section referring to an autopsy there is no provision that the right to compensation shall be suspended where the dependents prevent or attempt to prevent the holding of such autopsy. The Legislature not having made such provision, we have no right to do so. Therefore, appellees were not barred from prosecuting this action before the Industrial Board because appellant failed to obtain an autopsy.

The award of the Full Industrial Board is affirmed.

BOWEN, J.—Not participating.

NOTE.—Reported in 63 N. E. (2d) 297.