MOUSLEY *v.* CURRY ET AL.

[No. 18,467.   Filed February 8, 1954.]

*Murray, Mannon, Fairchild & Stewart,* and *James L. Murray,* of Indianapolis, for appellant.

*Snethen & Carvey, (Edward O. Snethen, of Counsel),* of Indianapolis, for appellee.

KELLEY, J.—The appellant appeals from an award of the Full Industrial Board requiring him to continue furnishing hospital, medical, surgical treatment, nurses services and supplies after the first 180-day period provided by §40-1225, Burns' 1952 Replacement. The appellee, Clinton Curry, hereinafter referred to as "appellee", suffered accidental injuries which arose out of and in the course of his employment by appellant and, as a result thereof, he has been continuously hospitalized since the accident.

The award is attacked as being contrary to law. The question involves that part of said §40-1225 reading as follows:

"... the Industrial Board may ... require that treatment by such physician and such services and supplies be furnished by ... the employer as the Industrial Board may deem reasonably necessary to limit or reduce the amount and extent of such disability or impairment."

The Full Board, one member not concurring, "reviewed all the evidence in said cause" and made its finding thereon. Upon such review the majority of the Board found:

(a). That said appellee while in appellant's employ, sustained personal injuries by reason of an accident arising out of and in the course of his employment with appellant.

(b). That appellant had immediate knowledge and furnished medical, surgical treatment, hospital, nurse services and supplies.

(c). That on November 21, 1952 the Board approved a compensation agreement between appellant and said appellee for temporary total disability from and including October 24, 1952 and to continue until terminated in accordance with the provisions of the Compensation Law.

(d). That pursuant to said accidental injuries appellee has been confined to Methodist Hospital, Indianapolis, Indiana, and is so confined in said hospital at the date of this hearing.

(e). That appellee "should be furnished additional hospital, medical, surgical treatment, nurses services and supplies beyond the statutory period fixed by law to limit and reduce the extent of disability or impairment" of said appellee.

(f). That the Full Industrial Board now "finds for the plaintiff (appellee) and against the defendant (appellant)" on appellee's Form No. 14 application filed April 8, 1953. (Our letters and brackets).

The foregoing were, in substance, all and the only findings made by the Board. The award ordered that said appellee "shall have and recover from the defend-

ant (appellant) continued hospital, medical, surgical treatment, nurses services and supplies for the injuries received by said plaintiff (appellee) . . . ". (Our brackets).

An assignment that the award is contrary to law presents the sufficiency of the evidence to sustain the finding of facts and the sufficiency of the facts found to sustain the award. *Humphrey* v. *Pleasure Park Company, et al.* (1933), 97 Ind. App. 592, 187 N. E. 682.

There is no finding by the Board that such services would or would tend to "limit or reduce the amount and extent of such disability or impairment."

The agreement between appellant and appellee, referred to in the findings of the Board, provided for weekly compensation for temporary total disability, payable to appellee until terminated in accordance with the Compensation Law but contained no provision relative to the furnishing by appellant of medical, physician, surgical, hospital or nurses' services beyond the statutory 180-day period. Therefore, the finding of the Board that appellant "furnished medical, surgical treatment, hospital, nurses services and supplies" cannot be considered as a finding that appellant voluntarily agreed to furnish such additional services.

The statute contains no requirement that the medical, surgical, physician, hospital and nurses services shall be furnished by the employer during the period for which compensation is payable. The specific limitation is 180 days after the injury.

Therefore, in the absence of any agreement by appellant to continue furnishing such medical and hospital services after the statutory period, he could be required to do so only by a proper award of the Board based upon its finding, sustained by

sufficient evidence, that such services would or would tend to limit or reduce the amount and extent of such disability or impairment.

Appellee suggests that the quoted section of the act "permits the Industrial Board *in its discretion* to order a continuation of medical, hospital and nurses services to be furnished on behalf of the employer". As we view the act, it does not empower the Board to arbitrarily or capriciously compel the employer to furnish additional medical, surgical, and hospital services merely because the Board may "deem" or think it necessary. In our opinion, the Board must conclude and find, from sufficient competent evidence, that the continuation of the hospital and medical services will or will tend to limit or reduce the amount and extent of the disability or impairment, and then order the furnishing of such services by the employer in such amount, extent, and for such length of time as the Board may consider and conclude to be reasonably necessary for such purpose. Once it has been determined by the Board that such services will or will tend to limit or reduce the amount and extent of the disability or impairment, no limitation as to the amount or length of time for the furnishing of the same is provided and we, of course, not being so authorized, are powerless to prescribe such limitation. Whether the action of the Board, in any particular case, in fixing the amount and length of time during which such services shall be continued by the employer, is, under the wording of the act, subject to judicial review, we need not here discuss.

The finding of the Board that the appellee "should be furnished additional" specified services "to limit and reduce the extent of the disability or impairment" is not a finding of the ultimate fact that such services would or would tend to limit or

reduce the amount and extent of the disability or impairment.

It follows from what we have said that the Board has failed to find facts essential to its award and that such award is contrary to law and cannot be sustained. We cannot examine the evidence to see if it supported the facts which the Board failed to find. *Cunningham, et al.* v. *Colen* (1939), 106 Ind. App. 387, 20 N. E. 2d 200.

The award is reversed and remanded.

NOTE.—Reported in 117 N. E. 2d 280.