## Delaware Machinery & Tool Company *v.* Dorothy Marie Yates.

[No. 572A233. Filed October 18, 1973.]

*Michael V. Gooch, Harrison, Moberly & Gaston,* of Indianapolis, for appellant.

*Wayne J. Lennington, Lennington & Lennington,* of Muncie, for appellee.

White, J.—The Full Industrial Board awarded compensation to the surviving wife (Mrs. Yates) of a deceased employee. The employer (Delaware) appeals. Among other contentions of error, Delaware argues that the Board erred in failing to

find with sufficient specificity the facts on which it based (1) its denial of Delaware Machinery's "Motion to Permit Exhumation and Autopsy" and (2) on which it based its award of compensation to the surviving wife.

The application for an autopsy order was denied without any findings except "that defendant's Motion . . . should not be granted." The award of compensation was supported only by the following general findings:

"That on or about November 17, 1967, the plaintiff's decedent was in the employ of the defendant at an average weekly wage in excess of $85.00; that on said date he sustained an accidental injury arising out of and in the course of his employment with the defendant; that said accidental injury necessitated a surgical repair of a right inguinal hernia;

"It is further found that on April 27, 1968, defendant furnished and plaintiff's decedent underwent corrective surgical repair for the right inguinal hernia at Ball Memorial Hospital, Muncie, Indiana; that said surgery terminated at or about 2:05 p.m. on April 27, 1968; that plaintiff's decedent was pronounced dead of a myocardial infarction at or about 10:00 a.m. on April 28, 1968; that plaintiff's decedent's death was caused by and directly related to his accident of November 17, 1967.

"It is further found that plaintiff's decedent, Joseph H. Yates, left surviving him as his sole and only dependent his wife who is the plaintiff in this cause.

"The Full Industrial Board of Indiana now finds for the plaintiff and against the defendant on plaintiff's Form 10 application."

For the want of any findings in support of the denial of the application for autopsy and for the want of sufficient specificity in the findings on which the award is based, we reverse.

Although our Workmen's Compensation Act, from its inception, has stated that the employer, or the Industrial Board, shall have the right, in case of an employee's death, to require an autopsy, the statute, prior to 1947, contained no language expressly conferring authority

on the Industrial Board, or upon any court, or upon any other agency of the state to order an autopsy.[1] In 1947, by Ind. Acts 1947, Ch. 162, § 4, the autopsy provision of what is now IC 1971, 22-3-3-6, Ind. Ann. Stat. § 40-1227 (Burns 1965 Repl.), was amended by adding the words which are italicized in the following quotation:

> "The employer *upon proper application,* or the industrial board, shall have the right in any case of death to require an autopsy at the expense of the party requesting the same; *if, after a hearing, the Industrial Board orders an autopsy and such autopsy is refused by the widow or next of kin, in such event, any claim for compensation on account of such death shall be suspended and abated during such refusal.* No autopsy, *except one performed by or on the authority or order of the coroner in the discharge of his duties,* shall be held in any case, by any person, without notice first being given to the widow or next of kin, if they reside in this state or their whereabouts can reasonably be ascertained, of the time and place thereof, and reasonable time and opportunity given such widow or next of kin to have a representative or representatives present to witness the same: Provided, if such notice is not given, all evidence obtained by such autopsy shall be suppressed on motion duly made to the industrial board."

The amendment appears to have been enacted in reaction to two 1945 decisions of the Indiana Appellate Court. *Town of Newburgh* v. *Jones* (1945), 115 Ind. App. 320, 327, 58 N.E.2d 938; *Missouri Valley Bridge and Iron Co.* v. *Alsip* (1945), 116 Ind. App. 259, 264, 63 N.E.2d 297. In both cases, the court had said that "an employer's right to an autopsy . . . is beyond the jurisdiction of the Industrial Board to either deny or grant and is not contingent upon the consent of the widow or next of kin."

Prior to its 1945 opinions in *Missouri Valley, supra,* and *Town of Newburgh, supra,* 58 N.E.2d 938, the Appellate Court

---

1. The first Workmen's Compensation Act, Ind. Acts 1915, Ch. 106, in its section 27, said simply: "The employer, or the industrial board, shall have the right in any case of death to require an autopsy at the expense of the party requiring the same."

had issued two opinions which give the impression that both the court and the Industrial Board assumed that the Board was authorized to hear an employer's application for an autopsy order, to find the facts, and if the facts found so warranted, to order an autopsy. Furthermore, if the widow then refused to permit autopsy she forfeited her right to compensation. The principal such case is *McDermid* v. *Pearson Co., Inc.* (1939), 107 Ind. App. 96, 99, 21 N.E.2d 80. There the employee had died November 28, 1938, and the dependents' application for compensation was filed with the Board on December 29, 1938. On February 2, 1939, the employer filed with the Board an application for autopsy, alleging, *inter alia,* that defendant had been advised by physicians that defendant could not safely proceed to trial without an autopsy. When the application "came up for hearing before the full Industrial Board . . . after considering the application for compensation and the application for autopsy, the board found that the cause of death . . . is uncertain and in dispute and can be determined in all probability by a post-mortem examination", which it ordered. When the widow and next of kin filed a written refusal to permit exhumation and autopsy the board dismissed their claim for compensation. They appealed and the Appellate Court reversed, saying:

> "The statute under which appellee seeks to invoke its right to an autopsy provides as follows: (§ 40-1227 Burns 1933, § 16403 Baldwin's 1934) 'The employer, or the industrial board, shall have the right in any case of death to require an autopsy at the expense of the party requiring same.' This section of the statute does not provide unconditionally the right to an autopsy in all events. It recognizes by implication that there must be a necessity for such autopsy and that a demand therefor should be made at a reasonable time and place. *Vonnegut Hardware Co.* v. *Rose* (1918), 68 Ind. App. 385, 120 N.E. 608.
>
> "Obviously it is not every case in which there is need for an autopsy. Furthermore, such right should be exercised with the greatest of caution in cases where the request for the autopsy has been made after interment has taken place,

so that relatives of the deceased may not be caused any more mental distress than is absolutely necessary in view of all the circumstances.

\* \* \*

"Generally speaking, it is usually a question of fact and is, in the first instance, within the province of the Industrial Board to determine whether or not the demand for an autopsy was made at a reasonable time and place. We are inclined to the view that under the facts in the instant case appellee did not make a request within a reasonable time and thereby waived his right to an autopsy; and we so hold." (107 Ind. App. at 99, 101.)

It will be noted that the Appellate Court neither held nor intimated that the Board was without authority to entertain the application for an autopsy. Nor did the court appear to have looked with disfavor on the Board having held a hearing, having made findings of fact, and having entered an order. That is also substantially true of the opinion in *General American Tank Car Corp.* v. *Zapala* (1937), 104 Ind. App. 418, 10 N.E.2d 762. Between the time those cases were decided and the time *Town of Newburgh* and *Missouri Valley* were decided, the court's attitude toward the Board's jurisdiction to order autopsies seems to have undergone as complete a change as did its personnel. When the 1947 amendment is read in the light of the contrast between those two sets of cases it becomes apparent that the amendment's purpose and effect was to expressly confer on the Board powers and duties which *McDermid* and *General American Tank Car* had tacitly assumed had already been conferred by implication. In short, the amendment repealed *Town of Newburgh* and *Missouri Valley* and restored what seems generally to have been assumed to be the law by the judges who decided *McDermid*.

In the case at bar the appellant-employer (Delaware) applied to the Board by filing what it denominated "Motion to Permit Exhumation and Autopsy" and which was unverified. To that application Mrs. Yates filed a verified "Showing in

Opposition . . ." which made detailed allegations of fact, on the basis of which it asserted conclusory reasons for denying the application, chiefly: (1) That there had been a "long and unreasonable delay in attempting to obtain an autopsy . . . [which] constituted a waiver of any right to an autopsy" and (2) that "[n]o doubt exists as to the cause of decedent's death". The employer's reply argumentatively denied the conclusions and argued that under the facts alleged by plaintiff "an autopsy is imperative".

The application was heard by a single member of the Industrial Board. At that hearing a stipulation of facts was filed which appears to have been the only evidence before the Board on the application for autopsy, but nothing in the stipulation limits the Board to the facts stipulated or attempts to exclude consideration of the facts alleged in the application for compensation or in the verified response. The facts stipulated are:

"1. That Plaintiff's decedent died on April 28, 1968, after undergoing hernia repair surgery some three to four hours prior to death.

"2. That the immediate cause of death, as attested by the attending physicians was a 'recent large anterior myocardial infarction extending into lateral wall of left ventricle'.

"3. That one of the attending physicians employed by defendant, Dr. Harold Nelson, a cardiologist, immediately after death, orally requested of Plaintiff that an autopsy be performed, which request was refused by Plaintiff.

"4. That, on the evening of April 29, 1968, and while decedent's body was lying in state, in the funeral home, a representative of the Defendant, Mr. R. W. Polhamus, made an oral request that an autopsy be performed, which request was also refused by the plaintiff.

"5. That Plaintiff's Form No. 10 application for Workmen's Compensation Benefits was filed with the Industrial Board on May 27, 1969.

"6. That Defendant's Motion to Permit Exhumation and Autopsy was filed with the Board on September 8, 1969." (Tr. p. 15).

It does not appear that any oral argument was made at the hearing but thereafter the employer filed a post-hearing brief which conceded that case law had established that an autopsy "request should be seasonably made, and that the autopsy should be necessary." The brief argumentatively interpreted the facts stipulated as negating unseasonability and as showing need. On the same day (December 18, 1969) Mrs. Yates filed her post hearing brief in which she likewise took the position that there were two questions before the Board, necessity and timeliness. Predictably, she drew opposite inferences from the stipulated facts and concluded, as she had earlier asserted, that the autopsy was unnecessary because there was no dispute as to cause of death and that the application for autopsy had not been timely made.

Thus it appears that while the evidentiary facts were probably not in dispute at the autopsy hearing there was nevertheless disagreement as to the facts which might reasonably be inferred from them. Furthermore, it is quite possible that the inferences drawn by the hearing member as the basis of his denial of the motion were something other than the conflicting inferences urged upon him by the written arguments of counsel. He denied the motion without filing a written finding of facts.

Delaware then made application "for the review by the full Board of the Order on Motion to Permit Exhumation and Autopsy" on the grounds that the order was not sustained by sufficient evidence and was contrary to law. The Full Board reviewed the evidence and heard further argument and repeated the hearing member's holding that defendant's motion should not be granted. It likewise filed no finding of the facts on which it premised that conclusion.

Delaware thereupon filed a "Petition for Reconsideration or, Alternatively, for Findings of Fact". The petition cited *Mousley* v. *Curry* (1954), 124 Ind. App. 280, 117 N.E.2d 280,

an appeal from an order that an employer furnish additional medical services.[2] *Mousley* held:

"The finding of the Board that the appellee 'should be furnished additional' specified services 'to limit and reduce the extent of the disability or impairment' is not a finding of the ultimate fact that such services would or would tend to limit or reduce the amount and extent of the disability or impairment.

"It follows from what we have said that the Board has failed to find facts essential to its award and that such award is contrary to law and cannot be sustained. We cannot examine the evidence to see if it supported the facts which the Board failed to find. *Cunningham, et al.* v. *Colen* (1939), 106 Ind. App. 387, 20 N.E.2d 200.

"The award is reversed and remanded." 124 Ind. App. at 284.

Failure to make *any* finding, affirmative or negative, with respect to an ultimate fact essential to an Industrial Board decision has always resulted in reversal.[3] More lately, pursuant to the views expressed in *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 64, 245 N.E.2d 337, 16 Ind. Dec. 704, we have held that the facts must be found specifically and not generally; they must be

---

2. The controlling statute at that time was Ind. Acts 1929, Ch. 172, § 25, as *then* last amended by Ind. Acts 1947, Ch. 162, § 3. It was published as Ind. Ann. Stat. § 40-1225 (Burns *1952* Repl.). It required the employer to furnish medical services during only the first 180 days after injury, but authorized the Industrial Board to order such additional services it "may deem reasonably necessary to limit or reduce the amount and extent of such disability or impairment".

3. This statement is slightly too broad for the pre-1944 era when failure to find an essential ultimate fact was usually the equivalent of a finding against the party having the burden of proving such fact. See Small, WORKMENS COMPENSATION LAW OF INDIANA, § 12.7, p. 396, nn. 50-57. Since *Cole* v. *Sheehan Construction Co.* (1944), 222 Ind. 274, 280, 53 N.E.2d 172, 175, that rule no longer obtains. See also *Northern Ind. Power Co.* v. *Hawkins* (1925), 82 Ind. App. 552, 146 N.E. 879; *Cunningham* v. *Colen* (1939), 106 Ind. App. 387, 20 N.E.2d 200; *Hayes Freight Lines* v. *Martin* (1948), 118 Ind. App. 139, 77 N.E. 2d 900; *Stoner* v. *Howard Sober, Inc.* (1954), 124 Ind. App. 581, 587, 118 N.E.2d 504; *DeArmond, Gdn.* v. *Myers Gravel & Sand Corp.* (1967), 142 Ind. App. 60, 66, 68, 231 N.E.2d 864, 868, 869, 12 Ind. Dec. 210, 216, 217; *Burton* v. *Rock Road Construction Co.* (1968), 142 Ind. App. 458, 463, 235 N.E.2d 210, 213, 13 Ind. Dec. 671, 676.

specific enough to enable the court to review intelligently the Board's decision. *Transport Motor Express, Inc.* v. *Smith* (1972), 279 N.E.2d 262, 289 N.E.2d 737, 29 Ind. Dec. 417, 34 Ind. Dec. 42.

The Board did not, and rationally could not, arrive at its decision to deny Delaware Machinery's petition for autopsy without having first concluded that one or more affirmative facts essential to the granting of the application had not been proved, or that some fact which defeated Delaware's right to the autopsy had been proved. We cannot intelligently review the decision until we know what conclusions induced it to deny the application. We can know those conclusions only when they are reduced to writing as findings of fact and are filed with the decision. *Carlton* makes it clear that the necessity for findings of fact and the administrative agency's duty to find the facts "exist independently of the statute" (and were required in *Carlton* "even though the requirement of detailed written findings of fact" had been deleted from the statute there involved).[4]

Mrs. Yates contends that findings of fact would serve no purpose in this case since the facts were stipulated, both for the hearing on the application for autopsy and for the hearing on the claim for compensation. As to the application for autopsy decision the argument has some plausibility, since it appears that the stipulation was the only evidence adduced at that hearing. Whether the Board also gave consideration to other "facts" in the record before it, such as the Form 10 application for adjustment of claim for compensation, and plaintiff's verified showing in opposition to defendant's motion for autopsy, we do not know. On the state of the record before us we cannot find for the Board (by reference to the stipulation, or otherwise) the specific facts on which it reached its undisclosed conclusions of ultimate fact.

---

4.  252 Ind. at 64.

Appellee also contends that the Full Board's ruling on Delaware Machinery's motion for an autopsy is an appealable Full Board award and that by failing timely to appeal therefrom defendant has waived any error in such ruling. She argues that defendant made the ruling an appealable award by immediately requesting a Full Board review instead of waiting until after the single hearing member had made his award of compensation and then requesting the Full Board to review both decisions. Appellee cites no authority except the statute which provides for an appeal from a Full Board award within thirty days.[5] That only begs the question. If the order in question is an "award" within the meaning of that statute it is appealable, but the statute does not define "award". However, the cases of *Youngstown Sheet and Tube Company* v. *Torrez* (1931), 92 Ind. App. 83, 87, 174 N.E. 296, 297; *Kuratnik* v. *Illinois Steel Company* (1925), 82 Ind. App. 366, 146 N.E. 216; and *Knox Consolidated Coal Corporation* v. *Onions* (1944), 114 Ind. App. 570, 53 N.E.2d 643, hold that only a final award is appealable and that a final award is one which *terminates the entire controversy* between the parties. The ruling on the motion to order an autopsy obviously did not terminate the controversy. That ruling can be judicially reviewed only on appeal from the final award (and then only if a satisfactory finding of the facts on which it is based is in the record).

The award is reversed and the case is remanded to the Industrial Board of Indiana with directions to set aside and revoke its final award of April 19, 1972, and its preliminary order of April 14, 1970, and to proceed further as the Board in its discretion shall deem proper, such further proceedings,

---

5. The statute is Ind. Ann. Stat. § 40-1512 (Burns 1965 Repl.), IC 1971, 22-3-4-8, the pertinent portion thereof being:

"An award by the full board shall be conclusive and binding as to all questions of (the) fact, but either party to the dispute may within thirty [30] days from the date of such award appeal to the Appellate Court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions."

findings of fact, orders, and final award being in conformity with the views expressed herein and in our opinions in *Transport Motor Express, Inc.* v. *Smith* (1972), 279 N.E.2d 262, 289 N.E.2d 737, 29 Ind. 417, 34 Ind. Dec. 42.

Reversed and remanded with directions.

Buchanan, P.J., concurs.

Sullivan, J., concurs in result only.

NOTE.—Reported at 301 N.E.2d 857.