OLIN CORPORATION AND TRAVELERS INSURANCE COMPANY *v.* CAROL SUE CALLOWAY.

[No. 2-573A120. Filed April 25, 1974.]

*Richard L. Mattox, Orbison, O'Connor, MacGregor & Mattox,* of New Albany, for appellants.

*John W. Doehrman,* of Jeffersonville, for appellee.

HOFFMAN, C.J.—The Olin Corporation and Travelers Insurance Company (employer) initiated this review of an award of compensation for a continuing temporary total disability made to Carol Sue Calloway (employee) by the Full Industrial Board of Indiana (Board). The Board based the award upon injuries and nervous shock to the employee resulting from an explosion at the employer's manufacturing facility.

In its findings and award the Board concluded, in pertinent part, that,

"[P]laintiff sustained an accident and injury arising out of and in the course of her employment by said defendant,

of which defendants had knowledge and have paid at least a portion of the statutory medical expenses; that an explosion occurred on the premises of the Olin Corporation, involving plaintiff; and plaintiff sustained lacerations to the right mid and ring finger, nervous shock and trauma to her neck and back.

"It is further found that plaintiff has been temporarily totally disabled * * *.

\* \* \*

"It is further found that at the date of the hearing before the single Hearing Member, to-wit: February 8, 1972, plaintiff was still totally disabled as a result of said accidental injury.

\* \* \*

"The Full Industrial Board of Indiana now finds for the plaintiff and against the defendants on plaintiff's Form 9 application.

"AWARD

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that plaintiff shall have and recover of and from the defendants compensation * * * for temporary total disability suffered by her as a result of said accidental injury from November 20, 1969, to February 8, 1972.

\* \* \*

"It is further ordered that plaintiff shall have and recover of and from the defendants compensation * * * beginning February 8, 1972, and such compensation payments to continue until otherwise terminated in accordance with the provisions of the Workmen's Compensation Act, on account of plaintiff's continuing temporary total disability on account of said accidental injury."

Upon the hearing of this cause by a single Hearing Member of the Board, much evidence was introduced relative to the existence and possible causes of a disabling neurosis in the employee. On appeal, it is agreed by the parties that the employee is not disabled as a result of the lacerations to her right mid and ring fingers and trauma to her neck and back. Thus, if it is to be sustained, the Board's award of continuing compensation for a temporary total disablement of the employee must find a proper factual basis in the continuing presence of the "nervous shock" found by the Board to exist in the employee.

The various types of shock are defined in Vol. 4, Lawyers' Medical Cyclopedia, § 30.7 (1960). Therein, the types and causes of shock are explained as follows:

"In the light of our present knowledge it would be satisfactory to define shock as a state in which there is an ineffective circulating blood volume. This may be due to an actual depletion of blood volume (a condition referred to as hypovolemia) or to an increase in the capacity of the vascular bed through which the blood circulates, so that although its actual volume may be unchanged there is in effect a relative decrease.

"The main site of increase in vascular capacity lies in the intraabdominal or splanchnic vessels. Normally the caliber and therefore the capacity of these vessels are under the control of the sympathetic nervous system; when this control is modified, these vessels dilate, their capacity increases and blood tends to pool or stagnate in the abdomen. As a result, the effective circulating blood volume to important regions such as the brain is diminished. Fainting may occur and the condition is often referred to as syncope.

"The outflow of the sympathetic nervous system is from the spinal cord; when this structure is damaged or in a state of deliberate but temporary paralysis induced by spinal anesthesia, this type of shock may result. However, the sympathetic nervous system is also under the control of higher evolutionary centers than the spinal cord. *Thus, both emotional distress from a variety of causes and physical pain may initiate an attack of syncope. The condition is usually transitory in nature* and when related to the physical pain connected with an injury has often been referred to as *primary shock.* \* \* \*." (Emphasis supplied in part.) (*Ibid.* at 120)

Although the employee may have exhibited symptoms of transitory nervous shock immediately following the accident in November of 1969, the best medical knowledge indicates that due to its transitory nature, such shock could not continuously exist from that time until the present. The evidence introduced at the hearing supports this conclusion. There was introduced some evidence that might indicate the presence of a traumatically triggered neurosis, rather than continuing nervous shock.

It is apparent that the Board's finding that the employee's

injuries consisted of "lacerations to the right mid and ring finger, nervous shock and trauma to her neck and back" cannot be a proper basis for an award of compensation for a continuing temporary total disablement from 1969 until the present. Thus, as a matter of law, the award of the Board is unsupported by its findings.

From the evidence presented upon the hearing in this cause, it might be inferred that the Board intended to find a neurosis present, and mistakenly failed to do so. However, this court is not at liberty to find facts for the Board to correct such errors or omissions, even if there is evidence from which to do so. Ultimate facts sufficient to sustain an award of compensation in favor of an injured employee must be found by the Industrial Board. *Cunningham* v. *Colen* (1939), 106 Ind. App. 387, 20 N.E.2d 200.

Therefore, the award of the Full Industrial Board of Indiana is reversed and this cause remanded to the Board for further proceedings consistent with this opinion.

Reversed and remanded.

Robertson, P.J., concurs; Garrard, J., concurs in result.

NOTE.—Reported at 309 N.E.2d 829.