D'AGOSTINO ET AL. v. GENERAL TANK CAR CORPORATION.

[No. 12,116.   Filed January 15, 1925.]

MASTER AND SERVANT.—*Industrial Board's order suppressing depositions not appealable.*—An appeal cannot be taken from an order of the Industrial Board suppressing depositions, as the Workmen's Compensation Act authorizes an appeal only from a final award.

From Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act for compensation by Alfonso D'Agostino and another against the General American Tank Car Corporation. From an order suppressing depositions, the claimants appeal. *Appeal dismissed.*

*Solon B. Selleck* and *Harry E. Raitino,* for appellants. *William J. Whinery,* for appellee.

THOMPSON. J.—The claimants, appellants herein, filed application for compensation, which application was heard by a member of the Industrial Board who found against claimants. Claimants then asked for a review of the award of said member by the full board. The defendant, appellee herein, filed a motion to suppress certain depositions of witnesses taken in Italy, for reasons stated in said motion. This motion was sustained and the following order was made by the full Industrial Board: "It is therefore considered and ordered by the full Industrial Board of Indiana, by a majority of its members, that the depositions of the above named witnesses be and the same are hereby suppressed."

The statute provides that an appeal can be taken only from a final award made by the Industrial Board. This is not a final award, but merely an order suppressing the depositions. We need not pass upon the ruling of the board in suppressing the depositions for the reason that the motion to dismiss the appeal should be sustained. (For authority see *Kuratnik* v. *Illinois Steel Co.* (1925), *ante* 366, 146 N. E. 216.)

Motion sustained, and appeal dismissed.