PEASE ET AL. *v.* MANN ET AL.

[No. 13,372.    Filed October 26, 1928.]

*Joseph W. Hutchinson,* for appellants.
*L. L. Burris* and *Guy W. Dausman,* for appellees.

ENLOE, P. J.—On July 8, 1927, the appellees filed with the Industrial Board their claim for compensation on account of the death, March 25, 1927, of one Andrew J. Mann.    The appellees are the widow and daughter of said Andrew J. Mann, and their said claim was based upon the death of said Mann while in the service of ap-

pellants, as the result of an alleged accidental injury arising out of and in the course of his employment with the appellants. Such proceedings were had upon this application, on the hearing before a single member of said board, that an award was made by said member that the "plaintiffs pay the costs of this proceeding." An application for a review by the full Industrial Board was duly filed, and thereafter, November 22, 1927, said cause came on for hearing before the full board. The record discloses that, upon such review, the full board made and entered a finding that, "The Goshen Rubber and Mfg. Company is merely a trade name; that the business conducted in that name, in fact, consisted of a partnership; that the partnership is composed of H. W. Pease, Blanch I. Cripe and Marjorie Niccum, that the individual members were not made parties defendant; that, as the employers consisted of H. W. Pease, Blanch I. Cripe and Marjorie Niccum, they should be named as the defendants, in order that the plaintiff may prosecute a claim in this cause against the employer; that this cause should be dismissed."

Based upon the foregoing finding, the full board made and entered the following order:—"It is therefore considered and ordered by the full Industrial Board of Indiana that the complaint herein be, and is hereby dismissed." Thereafter, December 31, 1927, the claim for compensation which is the basis for this proceeding was filed.

This last application was heard first by a single member and later, on review, by the full board, which awarded compensation to the claimants.

After this last application was filed, the appellants filed an answer in four paragraphs, the first being in denial, the second, third and fourth setting up the various proceedings had under the original application and the action taken in reference thereto, pleading the same as

being a "prior adjudication" of the matter in dispute. On this appeal, the appellants insist that the award herein made by the full Industrial Board is contrary to law because: (1) There was a prior adjudication in said cause as set up by the special answer, which answer was fully proven without any conflict whatever; (2) that if the award of the single member denying compensation upon the application filed July 8, 1927 is not a "prior adjudication," then that action is still pending and is a bar to the present action, as pleaded in the special answer; (3) there is no sufficient evidence that the deceased received a personal injury by accident, arising out of and in the course of his employment with appellants; and (4) there is no sufficient evidence that the deceased died as a result of the alleged injury. We shall notice these several contentions in the order presented.

Appellants' first contention involves the construction of §§60 and 61 of our compensation act. (§§9505, 9506 Burns 1926.) Section 61 provides: "An award of the board by less than all of the members, as provided in section 59, if not reviewed as provided in section 60 shall be final and conclusive." And by §60, it is provided: "If an application for review is made to the board within seven days from the date of an award made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable, and shall make an award and file the same with a finding of the facts upon which it is based, and the rulings of law by the full board, if any, and send a copy thereof to each of the parties in dispute, in like manner as specified in the foregoing section." The statute plainly points out the means by which a review of an award may be had—the filing with the In-

dustrial Board of an application in that behalf, within seven days from the date of the award the review of which is sought—and clearly, when such an application is filed, the original award ceases to have any further force and effect; it is thereby nullified. In this case, after the single member who heard the first application had made his award in favor of the defendants therein, an application for a review by the full board was seasonably filed, and this action by the appellees had the effect of setting aside or blotting out such original award, and thereafter the only award that could be made in the cause would be one made by the full Industrial Board.

This board, upon the final hearing and upon a finding of facts made by it, concluded, rightly or wrongly, we need not now say, that it had no jurisdiction of the real employers and could not make a valid award against them, and it thereupon dismissed the application. This left the applicants in a situation where they could begin anew, which they did, by filing a new application. The prior proceedings were no bar to this application, and we conclude that appellants' contention in this behalf is not well taken.

The appellant also complains of the admission of certain testimony, but from a reading of the brief of the appellants herein, we are unable to learn what objection, if any, was interposed to said testimony, and no question is therefore presented as to this matter.

A reading of all of the evidence satisfies us that it is amply sufficient to sustain the award herein, and the same is therefore affirmed.