YOUNGSTOWN SHEET AND TUBE COMPANY *v.* TORREZ ET AL.

[No. 14,125. Filed January 20, 1931.]

*William J. McAleer, Francis J. Dorsey, James M. Clark* and *William L. Travis*, for appellant.

*George Panea*, for appellees.

NEAL, P. J.—On May 8, 1930, the full Industrial Board made and entered the following order, omitting the caption thereof: That, on July 5, 1929, there was filed with the Industrial Board of Indiana a claim for compensation entitled *"Santiago Torrez, plaintiff, v. Youngstown Tube Company, defendant,"* wherein it was alleged that, on July 14, 1927, Bartolo Torrez died as the proximate result of personal injuries received by him on June 24, 1927, by an accident arising out of and in the course of his employment by the above-named defendant; that the said Bartolo Torrez left surviving him as all and his only dependent, Petra Castro, his widow, who was wholly dependent and whose address is in 11 a de Merida No. 205, Mexico, D. F., Mexico; that the accidental injury occurred at the Youngstown Tube Company's Indiana Harbor plant; that, at the same time, there was filed with the Industrial Board of Indiana a duly executed power of attorney in the Mexican language, and with it a copy thereof typewritten in the English language, whereby the said Petra Castro gave to the said Santiago Torrez ample and sufficient power, in her behalf, to prosecute the claim of Petra Castro for compensation and do all necessary things in the collection thereof, dated January 17, 1928.

That, on July 9, 1929, there was filed with the Indus-

trial Board of Indiana a second claim for adjustment of compensation entitled *"Jose Torrez, as attorney in fact of and for Marie Lopez, who is the mother of Bartolo Torrez, deceased employee,* v. *Youngstown Sheet & Tube Company, defendant,"* alleging that, on July 13, 1927, Bartolo Torrez died as the proximate result of personal injuries received by him on June 24, 1927, by reason of an accident arising out of and in the course of his employment by the above-named defendant.

That the said Bartolo Torrez left surviving him as all and his only dependent, his mother, Maria Lopez, who was wholly dependent upon him and whose address is San Francisco del Riu con, State of Guanajuato, Mexico.

That thereafter the said plaintiffs and defendants appeared at a hearing on said applications on September 12, 1929, before a single member of the Industrial Board of Indiana, and, on motion made by defendant's attorney, said claims for compensation were ordered consolidated, to be tried as one cause, and, on February 6, 1930, the defendant filed with the Industrial Board a motion to strike from the files of the Industrial Board the complaint filed by Jose Torrez, attorney in fact, on July 9, 1929.

That said consolidated claims for compensation were afterwards called for hearing before a single member of the Industrial Board of Indiana on February 13, 1930, at which time the said Jose Torrez presented and filed with said single member of the Industrial Board a power of attorney, typewritten in the English language, and duly executed by the said Maria Lopez, dated October 6, 1929, whereby she appointed the said Jose Torrez as her attorney in fact, particularly authorizing him, as such, to file and prosecute any lawful claim or action before the Industrial Board of Indiana for the purpose of recovering the compensation allowed by law in her favor as the mother of and dependent of her son, Bartolo Torrez,

against the Youngstown Sheet and Tube Company, on account of his accidental death occurring while in the employ of said defendant.

That, at said hearing, on February 13, 1930, the said single member found for the defendant on plaintiff's application filed herein and ordered that the plaintiffs take nothing by their complaints.

The full Industrial Board, upon review of the proceedings herein, finds and orders that the plaintiffs, Jose Torrez, as attorney in fact of and for Maria Lopez, who is the mother of Bartolo Torrez, deceased, and Santiago Torrez, representing his mother, Petra Castro, widow of Bartolo Torrez, deceased, by virtue of the powers of attorney executed by the claimants herein, are entitled to prosecute the claims for compensation filed by each of them for and on behalf of said alleged dependents; that the defendant's motion, filed on February 6, 1930, to strike plaintiff's complaint from the files of the board, and the application of the plaintiff, Jose Torrez, attorney in fact, to be permitted to amend his original claim, are each hereby overruled, and this proceeding is ordered referred back to a single member of the Industrial Board for further hearing and determination.

The appellant reserved an exception to the order of the Industrial Board and prayed an appeal.

The error relied upon for reversal is that the award is contrary to law.

We are confronted with the proposition advanced by appellee that the "award" appealed from is not final and, therefore, not appealable.

In *Pease* v. *Mann* (1928), 88 Ind. App. 101, 163 N. E. 282, the construction of §§60 and 61 of our Compensation Act (Acts 1917 p. 154, 155, §§9505, 9506 Burns 1926), is clearly set forth. Without setting forth a synopsis of each section, we proceed to quote from the opinion: "The statute plainly points out the means by which a

review of an award may be had—the filing with the Industrial Board of an application in that behalf, within seven days from the date of the award the review of which is sought—and clearly, when such an application is filed, the original award ceases to have any further force and effect; it is thereby nullified."

In this case, the action of the hearing member in sustaining the several motions of appellant to dismiss the applications for compensation filed by appellees and thereupon predicating a finding for appellants was, by petition for review, set aside and ceased to have any further force and effect. When we examine the order of the full Industrial Board, it clearly is not an award as contemplated by our Indiana Workmen's Compensation Act. An award has been defined in *Frankfort, etc., Ins. Co.* v. *Conduitt* (1920), 74 Ind. App. 584, 127 N. E. 212, "as the decision or determination of arbitrators to whom a dispute or controversy between two or more persons has been submitted for a decision and determination out of the court."

In *Kuratnik* v. *Illinois Steel Co.* (1925), 82 Ind. App. 366, 146 N. E. 216, this court said: "There is no provision in the statute for an appeal from the Industrial Board except from a final award."

It necessarily follows that the appeal must be, and it is, hereby dismissed.