KNOX CONSOLIDATED COAL CORPORATION *v.* ONIONS, ET AL.

[No. 17,240.   Filed March 17, 1944.]

*Hays & Hays* and *John S. Taylor,* all of Sullivan, for appellant.

*James L. Murray,* of Indianapolis, for appellee.

CRUMPACKER, C. J.—On November 2, 1943, the parties herein entered into and agreed upon the following stipulation of facts:

"It is stipulated and agreed by and between the parties that on October 27, 1942, one William

Onions received an injury from an accident arising out of and in the course of his employment of which the defendant had notice and furnished medical treatment;

"That on said November 17, 1942, said defendant and said William Onions entered into a Form 12 Compensation Agreement wherein it was agreed that the average weekly wage of the employee was $30.00 and that he should be paid compensation at the rate of $16.50 per week during total disability not exceeding the period fixed by law beginning November 4th, 1942, and that the employer should pay the necessary and reasonable surgical, medical, hospital expenses for the first 90 days; that said agreement was approved by the Industrial Board on the 7th day of January, 1943.

"That under the terms of said agreement total disability compensation payments were made in total amount of $231.00 to February 9, 1943.

"That the injury of said employee was a ventral hernia for which he was operated November 30, 1942, by Dr. Morris H. C. Johnson, furnished by the employer.

"That said employee died February 20, 1943 from a cause or causes other than said injury but at the time of his said death, he was entitled to an award of compensation for permanent partial impairment as a man to the extent of 16½% of the man as a whole.

"That prior to the time of filing of this form 10 application herein by Mollie Onions and Betty Lou Onions, plaintiffs in this case, said plaintiffs and the defendant disagreed on the question of the amount due said plaintiffs as dependents of said employee.

"That at the time of said death of said employee, February 20, 1943, he was living with his wife, Mollie Onions, this plaintiff, and with his daughter, Betty Lou Onions, born August 30, 1928, both of whom as of the date of his said death were dependent upon him for support.

"That following said disagreement of said plaintiffs and defendant, plaintiffs filed their form 10 application herein on May 3, 1943.

"That an award may be made in favor of the plaintiffs as the dependents of said employee for 16½% permanent partial impairment to the man as a whole of said employee with credit to defendant for compensation heretofore paid, and said amount is $231.00.

"That said award is to be for 82½ weeks at $16.50 per week beginning November 4, 1942, and the amount to be paid under this award shall be paid in cash in full and in a lump sum."

On November 16, 1943, a single member of the Industrial Board approved the above stipulation and entered an award in conformity therewith. Upon petition of the appellees the full Industrial Board, on January 24, 1944, entered the following order in the matter:

"IT IS THEREFORE CONSIDERED, ADJUDGED AND ORDERED by the Full Industrial Board of Indiana by a majority of its Members that the approval of the stipulation of facts that was entered into by and between the parties at the time that the case was originally set for trial at Vincennes, Indiana, on November 2, 1943, is hereby revoked, and set aside, and the said stipulation is hereby set aside, and the case is hereby remanded for hearing before a Single Member of the Industrial Board, at which hearing both parties shall have the right to introduce, and that the evidence adduced at such hearing shall be submitted to the Full Industrial Board for a determination of the issues in this case."

From this order the appellant has appealed and we have before us the appellees' motion to dismiss such appeal on the grounds that there is no provision in law for an appeal from any order of the Industrial Board except a final award, and that the order here involved is not an award within the meaning of the Indiana Workmen's Compensation Act, nor is it final in any respect.

The case of *Youngstown Sheet & Tube Co.* v. *Torrez* (1931), 92 Ind. App. 83, 174 N. E. 296, is very much in point and we think controlling of the question here presented. There an order of the full Industrial Board directing that the proceeding be referred back to a single member of the board for further hearing and determination was held not a final award from which an appeal could be taken. It was held in *Kuratnik* v. *Illinois Steel Co.* (1925), 82 Ind. App. 366, 146 N. E. 216, that no appeal lies from any order of the Industrial Board except a final award. A final award is one that fully disposes of the entire controversy between the parties as far as the Industrial Board is concerned. The order in the case at bar is clearly not such an award. Its effect is to vacate the award of the single member. It sets aside the stipulation upon which said award was based and mandates a rehearing before a single member upon any legal evidence the parties see fit to offer, thus leaving the issues involved wholly undisposed of. See also *D'Agostino* v. *General, etc., Car Corp.* (1925), 82 Ind. App. 375, 146 N. E. 216.

The appellant contends, however, that the above cases have been superseded by the decisions of this court in *Princeton Mining Co.* v. *Early* (1943), *ante*, p. 343, 51 N. E. (2d) 382 and *Terre Haute Paper Co.* v. *Price* (1943), 113 Ind. App. 578, 47 N. E. (2d) 166. We do not understand these decisions to have such effect. The Early case has to do principally with the refusal of a hearing member of the Industrial Board to follow a stipulation of the parties as to a certain phase of the controversy and subsequently basing an award on evidence not in harmony with such stipulation. The holding is that, while a proper stipulation of facts is binding and conclusive between the parties and the Industrial

Board until set aside or withdrawn, the unwillingness of the hearing member to follow the stipulation in certain particulars was in effect a setting aside of the stipulation in that respect. The appeal was from the final award and the action of the hearing member in withholding his approval of a part of the stipulation was urged as a reason for the alleged illegality of said final award. We find nothing in the decision to support the appellant's position in the case at bar. In the Price case the Industrial Board set aside a final award because it was entered under a mistake as to the facts, retried the cause and entered a second final award. There was no appeal from the order vacating and setting aside the first award and nowhere in the court's opinion is it held or intimated that such order was appealable.

We are of the opinion that the law makes no provision for an appeal from an order such as is here involved and, if the same is erroneous, the question can be raised only on appeal from such final award as the Industrial Board may eventually enter in the cause.

Appeal dismissed.

NOTE.—Reported in 53 N. E. (2d) 643.