BLAKEMAN *v.* QUINN, ADMINISTRATOR, ET AL.

[No. 18,146. Filed December 21, 1950. Rehearing denied February 1, 1951. Transfer denied March 22, 1951.]

*Charles Davis,* of Mishawaka, for appellant.

*George Johnson,* and *Schindler & Schindler,* both of Mishawaka; and *Diamond & Miller,* of South Bend, for appellees.

PER CURIAM.—The appellee administrator obtained an order from the St. Joseph Probate Court for the sale of decedent's real estate to pay debts, which order adjudged that appellant Blakeman had a lien on the

real estate prior to all other liens save taxes and special assessments.

The administrator filed his report of sale, which report was approved, the sale confirmed, and deed ordered delivered. Later on the same day the appellee St. Joseph County Department of Public Welfare filed its petition to intervene, which was granted, and also filed its motion to amend the order of sale.

A few days later appellee St. Joseph's Hospital of Mishawaka filed its petition to intervene, and its motion to vacate the order of sale. Appellant's demurrers to the petitions to amend and to vacate the order of sale were overruled. The court vacated the order of sale.

From this order vacating the order of sale appellant attempts to appeal, treating the same as an appeal from a final judgment.

"To be appealable as a final judgment an order or judgment must be one which finally determines the rights of the parties in the suit, or in some distinct and definite branch of it, and which leaves no further question or direction for future determination by the court." *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 44 N. E. 2d 344. The order appealed from is not a final judgment. 2 Gavit, *Indiana Pleading and Practice* 2505, § 508; *Knox Consolidated Coal Corp.* v. *Onions* (1944), 114 Ind. App. 570, 53 N. E. 2d 643; *Wood* v. *Wood et al.* (1875), 51 Ind. 141.

Appeal dismissed.

NOTE.—Reported in 95 N. E. 2d 638.