SCHERGER CHEVROLET SALES, INC. *v.* HARRY J. EUBANK.

[No. 2-574A121. Filed October 6, 1975.]

*John M. Clifton, Jr., Barrett, Barrett & McNagny,* of Fort Wayne, for appellant.

*Sherill Wm. Colvin, Hogg, Snouffer, Haller & Colvin,* of Fort Wayne, for appellee.

PER CURIAM—Appellant attempts an appeal from an order of the Full Industrial Board which denied appellant's Special Answer to a Workmen's Compensation Claim, and which ordered the claim to be heard on the merits.

Eubank, an employee of Scherger Chevrolet Sales, Inc. (Scherger), was injured, allegedly in the course of his employment, on May 17, 1966, when a car he was driving collided with a school bus. On September 16, 1966, Eubank executed a release of claims against the bus driver and the school corporation. It was executed in the office of Eubank's employer, Mr. Scherger. Eubank testified before the Hearing Member that he signed it only because Mr. Scherger threatened to fire him if he did not sign. Eubank did not negotiate the check for $84.00 which had been given to him by the school corporation as consideration for the release and he attempted to return the check several times.

On May 15, 1968, Eubank filed a Form 9 claim for injuries against Scherger under the Workmen's Compensation Act. At about the same time, Eubank filed suit against the school corporation and the bus driver. The case was tried in the Wells Circuit Court in February, 1971, and, following the conclusion of Eubank's evidence, the court, presumably in view of the release signed by Eubank, directed a verdict against him. Subsequently, on January 7, 1972, Scherger filed a Form 44 Special Answer to Eubank's claim, alleging that because Eubank had made a settlement with third parties who were involved in the accident, he was not entitled to any compensation under the Workmen's Compensation Act. The matter was submitted to the single Hearing Member of the Industrial Board on September 26, 1972, who found that Eu-

bank's settlement with the third parties precluded a Workmen's Compensation award. *See Koughn* v. *Utrad Industries, Inc.* (1971), 150 Ind. App. 110, 275 N.E.2d 572. This decision was reviewed by the Full Industrial Board, which on April 3, 1974, found that Eubank had not voluntarily and knowingly consented to the settlement, and therefore denied Scherger's Special Answer. The Full Board thereupon remanded the cause to the single Hearing Member for hearing on the merits.

Judicial review of decisions from the Industrial Board of Indiana are governed by the statute providing therefor. *Clary* v. *National Friction Products, Inc.* (1972), 259 Ind. 581, 290 N.E.2d 53. Thus, unless the statute authorizes review by this court, we are without jurisdiction.

The statute in question is Ind. Ann. Stat. § 22-3-4-8 (Burns Code Ed.) and provides for "appeals" to the Indiana Court of Appeals from "an award by the full board". The order which Scherger Chevrolet Sales, Inc. seeks to contest before this Court is not a final award and is therefore not appealable. *Knox Consolidated Coal Corp.* v. *Onions* (1944), 114 Ind. App. 570, 53 N.E.2d 643; *Youngstown Sheet and Tube Co.* v. *Torrez* (1931), 92 Ind. App. 83, 174 N.E. 296.

This purported appeal is therefore dismissed.

NOTE.—Reported at 335 N.E.2d 238.