James COX & Terry McCall, et
al., Appellants/Plaintiffs,

v.

WORKER'S COMPENSATION BOARD
OF INDIANA, et al., Appellees/De-
fendants.

No. 94S00–9608–CQ–564.

Supreme Court of Indiana.

Dec. 26, 1996.

William R. Groth, Fillenwarth Dennerline Groth & Towe, Indianapolis, for Appellants/Plaintiffs.

Pamela Carter, Attorney General, Beth H. Henkel, Mary Wertz, Deputy Attorneys General, Indianapolis, for Appellees/Defendants.

BOEHM, Justice.

The United States District Court for the Southern District of Indiana has requested our response to the following certified question as to issues regarding the Indiana Worker's Compensation Act:

Whether, in worker's compensation cases involving injuries that have not yet reached their state of maximum medical improvement, the Worker's Compensation Act empowers the Worker's Compensation Board to issue enforceable and appealable decisions as to limited issues—including whether the claim is compensable under the Act, whether temporary total disability benefits have been properly terminated, and whether certain medical care was reasonable and necessary under the Act— without disposing of all the issues that may exist or may arise between the parties? See Ind.Code § 22–3–4–8.

## I. Facts and Procedural History

This question arises out of a federal class action brought on behalf of injured workers who file claims for worker's compensation benefits under the Act and who are unable to obtain an enforceable award establishing their right to benefits because they are determined not to have reached a state of "maximum medical improvement." This con-cept, also designated "quiescence" in the jargon of worker's compensation, essentially means that the worker has achieved the fullest reasonably expected recovery. The plaintiff class alleges that the Indiana Worker's Compensation Board has a policy of not determining claims until the worker's injuries have reached quiescence, and that this policy deprives the plaintiff class of property rights without due process of law in violation of the Fourteenth Amendment to the United States Constitution. Class certification was unopposed and the court certified a plaintiff class under Fed.R.Civ.P. 23(b)(2). On August 1, 1996, the parties submitted a joint motion to certify questions of state law to this court. In that motion, the parties stipulated to the following facts:

1. The Indiana Worker's Compensation Board believes that a decision of a Single Hearing Officer is not ripe for full Board review when that decision involves only temporary benefit issues and, therefore, does not issue decisions which dispose of less than all the issues between the parties. The Board bases this contention on Indiana Court of Appeals decisions holding that an award of the full Board that disposes of less than all the issues between the parties is not subject to judicial review by the Courts of Appeals.

2. The foregoing delays a claimant from obtaining a binding adjudication on threshold issues, such as whether his or her claim was compensable under the Act, whether weekly [temporary total disability] benefits were properly terminated, or whether certain medical care was reasonable and necessary under the Act, until a Board award or order can be issued terminating the entire controversy between the parties.

The complaint sets forth allegations illustrating the difficulties this class of plaintiffs encounters. James Cox alleges that he was injured in an accident arising in the course of his employment in October 1994, and that he received medical care. In April 1995, the insurance company providing worker's compensation liability coverage to Cox's employer notified Cox of its conclusion that Cox's injury had reached a permanent state. Con-

sequently Cox received no further temporary disability benefits and his employer refused to authorize further medical treatment. Cox disagreed with the insurer and filed an application for relief from the Board. He alleges that he remains temporarily totally disabled as a result of his work-related injury and requires additional medical care. He further alleges his injuries have not reached quiescence and will not unless additional treatment is provided. The Board, according to the complaint, refuses to rule on Cox's application because his injuries have not reached quiescence.

Another plaintiff, Terry McCall, alleges that he became disabled due to repetitive activities in his work as a meatcutter and that his condition became permanent in August 1994. Subsequently, his condition worsened and his doctor advised him that surgery was necessary. He was willing to undergo surgery to improve his condition but his employer refused to pay for surgery or resume payment of temporary total disability benefits. McCall also applied to the Board but he too finds himself stymied by the Board's adherence to a policy of deferring a final determination by the full Board until a claimant's injuries have reached quiescence. He alleges that he remains temporarily totally disabled as a result of his work-related injury and, until the completion of the recommended surgery, will not reach the quiescence necessary to be rated for a permanent partial impairment award.[1]

Thus, Cox and McCall contend they and the class find themselves in a Catch–22: they cannot get the treatment they need to achieve quiescence without a Board award to pay for it, and at the same time they are unable to obtain a decision from the Board because their injuries are not quiescent. The Board, on the other hand, contends its policy of not issuing a decision by the full Board until a claimant's injuries have reached quiescence is demanded by Indiana law. The Board reaches this conclusion based upon its view that any resolution of these issues would not be appealable under Indiana law.

The Board argues that it should have discretion to hear cases only when all the issues between the parties can be determined at once and that it would be an "exercise in futility" to resolve issues before they are appealable. The Board also points to the difficulties raised by having unappealable awards paid out, then later found to have been in error.

The certified question divides itself into multiple questions. Each question includes the component that the Board act "without disposing of all the issues that may exist or arise between the parties." With that common predicate, the questions before us become:

1. May the Board make an enforceable and appealable determination that temporary total disability benefits have been properly terminated?

2. May the Board make an enforceable and appealable determination whether certain medical care was reasonable and necessary?

3. May the Board issue an enforceable and appealable decision as to the compensability of a claim or other limited issues?

## II. Authority of the Board to Rule on "Limited" Issues

We first address whether Indiana's Worker's Compensation Act empowers the Worker's Compensation Board to issue decisions as to issues, that do not necessarily resolve all disputes between the parties. These include whether weekly temporary total disability benefits have been properly terminated, whether the claim is compensable under the Act, and whether certain medical care was reasonable and necessary.

### A. Termination of Temporary Total Disability Benefits

Temporary total disability benefits may be awarded by agreement or by decision of the Board. Once temporary total disability benefits are in place, Ind.Code § 22–3–3–7(c)

---

1. We cannot determine from the record before us whether a single member decision has been sought or rendered as to either Cox or McCall. We are equally in the dark as to whether, if a

single member decision has been deferred, it is for the same reason the full Board declines to act.

(1993) provides procedures for terminating those benefits. In certain instances (for example, death or reemployment), the employer may terminate temporary total disability benefits without notice to the employee. In all other circumstances, the employer must notify the employee and the Board of its intent to terminate benefits. The employee must then give notice within seven days to the employer and the Board of any disagreement; otherwise benefits are terminated. If the parties cannot reach an agreement, the Board must arrange for an evaluation of the employee by an independent medical examiner, who is to determine whether the employee remains temporarily disabled. Indiana Code § 22–3–3–7(c) provides that a party who disagrees with the medical examiner's opinion may apply to the Board for a hearing pursuant to Ind.Code § 22–3–4–5 (1993).

■ A second route to a hearing under Ind.Code § 22–3–4–5 is provided by Ind. Code § 22–3–4–5(a) if the parties had reached a compensation agreement and afterward disagree as to: 1) the continuance of payments under such agreement; 2) the period for which payments are to be made; or 3) the amount to be paid. Typically, these disputes arise from a change in conditions after an agreement is reached. Whether proceeding under Ind.Code § 22–3–3–7(c) or Ind.Code § 22–3–4–5(a), in each case an "application" by a party triggers the requirement that the Board hold a hearing "as early as practicable" and decide the dispute. The disputes resolvable under Ind.Code § 22–3–4–5 thus include deciding whether temporary total disability benefits were properly terminated. Ind.Code § 22–3–4–5(b) (1993). The hearing contemplated by Ind.Code § 22–3–4–5(b) may be decided by "any or all" of the Board members. Ind.Code § 22–3–4–6 (1993). The same section provides that "[t]he award shall be filed with the record of proceedings." *Id.* Thus, the Indiana Worker's Compensation Act explicitly empowers the Board to issue decisions regarding termi-

nation of temporary total disability benefits. It also provides for an "award" resulting from a "dispute" over that termination. Ind. Code §§ 22–3–4–5 and –6 (1993).

■ We must next address whether such an award is enforceable. The Act directly addresses this issue as well. Any party in interest may enforce "orders," "decisions," or "awards" of the Board pursuant to Ind.Code § 22–3–4–9(a) (1993). That section provides:

> (a) Upon order of the worker's compensation board made after five (5) days notice is given to the opposite party, any party in interest may file in the circuit or superior court ... a certified copy of the memorandum of agreement approved by the board, or of an order or decision of the board, or of an award of the full board unappealed from, or of an award of the full board affirmed upon an appeal, whereupon said court shall render judgment in accordance therewith....

The trial court is authorized merely to enter the award or order of the Board as its own judgment when it receives such an application. *Kuhr v. Willan,* 90 Ind.App. 567, 570, 169 N.E. 475, 476–77 (1930). The trial court has no jurisdiction to review the decision of the Board or determine whether the decision is correct. *Grasselli Chemical Co. v. Simon,* 201 Ind. 41, 52, 166 N.E. 2, 6 (1929). Thus, Ind.Code § 22–3–4–9 provides for a party to enforce a temporary total disability award by having it incorporated into a judgment of the trial court.

■ We next turn to whether such an award is appealable. Either party may appeal to the Court of Appeals for errors of law pursuant to Ind.Code § 22–3–4–8 (1993) once an employee has an "award" from the full Board. The denial of benefits is an "award," sometimes styled a "negative award," reviewable under the same section.[2] Specifically, Ind.Code § 22–3–4–8(b) provides:

**2.** *See, e.g., Donahue v. Youngstown Sheet & Tube Co.,* 474 N.E.2d 1013 (Ind.1985) (employee appealed denial of worker's compensation benefits); *Rogers v. Bethlehem Steel Corp.,* 655 N.E.2d 73 (Ind.Ct.App.1995) (widow of employee appealed the full board's denial of certain death and statutory burial benefits); *Roebel v. Dana Corp.,* 638 N.E.2d 1356 (Ind.Ct.App.1994) (employee appealed the full board's denial of permanent total disability benefits). In these cases, Indiana courts have entertained appeals from denial of permanent benefits. Because of the

(b) An award by the full board shall be conclusive and binding as to all questions of the fact, but either party to the dispute may, within thirty (30) days from the date of such award, appeal to the court of appeals for errors of law under the same terms and conditions as govern appeals in ordinary civil actions.

This statute does not use any modifying terms to limit the awards that may be appealable. Rather, it states in straightforward terms that "an award by the full board" is appealable. In construing statutes, words are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Dep't of Pub. Welfare, State of Ind. v. Couch,* 605 N.E.2d 165, 167 (Ind.1992). It has long been held that terms contained in Indiana's Worker's Compensation Act are to be liberally construed to effectuate the humane purposes of the Act. *Talas v. Correct Piping Co., Inc.,* 435 N.E.2d 22, 28 (Ind.1982). Award, in this context, has been defined as a "decision or determination of arbitrators to whom a dispute or controversy between two or more persons has been submitted for a decision and determination out of court." *Frankfort Gen. Ins. Co. v. Conduitt,* 74 Ind.App. 584, 591, 127 N.E. 212, 215 (1920). We find nothing in the statute to prevent an award granting or terminating temporary benefits from constituting an award within the meaning of this section. If we had any doubt, it would be resolved under well-established principles governing this statute and requiring it to be construed in favor of the employee. *Talas,* 435 N.E.2d at 28. In sum, in its plain and ordinary meaning, "award" is not limited to awards that terminate the entire controversy. The statutory scheme makes clear that

"disputes," including those regarding termination of temporary total disability benefits, are to result in "awards," and those awards are enforceable and appealable.

The Board bases its deferral of cases involving temporary total disability benefits on a line of Indiana Court of Appeals decisions finding a variety of interlocutory orders in Board proceedings not to be appealable. However, none of these cases dealt with an "award" of benefits or its denial. Each involved some procedural step in the process short of reaching an award.[3] We find none of these decisions inconsistent with the appealability of an award of temporary total disability benefits.

Finally, in addition to the Act itself, Indiana Appellate Rule 4(C) gives the Court of Appeals authority to entertain appeals from "final decisions" of several agencies including the Worker's Compensation Board. For those agencies, Rule 4(C) parallels Ind. Appellate Rule 4(A) which permits appeals from "final judgments" of trial courts. The Worker's Compensation Act permits, and indeed directs, the Board to enter "awards" as to temporary total disability benefits. The Act channels these "disputes" into a process resulting in an "award" under Ind.Code § 22–3–4–6, and provides for an appeal of awards pursuant to Ind.Code § 22–3–4–8(b). Accordingly, we conclude that an award entered though these procedures is a "final decision" as to temporary total disability benefits and is appealable as the statute provides.

Appealability of these awards represents a statutory deviation from the usual rule that appealability requires a final judgment, i.e.,

---

policy of the Board not to issue determinations as to temporary total disability benefits, there is no case holding a denial of temporary benefits to be an award. However, the same statutory provisions govern both proceedings, and a denial is an award within the meaning of this section, if a grant would constitute an award.

**3.** *See Scherger Chevrolet Sales, Inc. v. Eubank,* 166 Ind.App. 194, 335 N.E.2d 238 (1975) (order remanding cause for a hearing on the merits was not a final appealable award); *Delaware Mach. & Tool Co. v. Yates,* 158 Ind.App. 167, 301 N.E.2d 857 (1973) (order refusing to order an autopsy was not a final appealable order); *Knox Consol.*

*Coal Corp. v. Onions,* 114 Ind.App. 570, 53 N.E.2d 643 (1944) (order vacating single board member award and setting aside parties' stipulation of facts was not a final award); *Youngstown Sheet & Tube Co. v. Torrez,* 92 Ind.App. 83, 174 N.E. 296 (1931) (full board order permitting amendment of claims was clearly not an award); *Kuratnik v. Illinois Steel Co.,* 82 Ind.App. 366, 146 N.E. 216 (1925) (full board order suspending proceedings was not a final award); *D'Agostino v. Gen. Am. Tank Car Corp.,* 82 Ind.App. 375, 146 N.E. 216 (1925) (full board order suppressing depositions was not a final order).

one which disposes of all the issues as to all parties and puts an end to litigation. *See, e.g., Thompson v. Thompson,* 259 Ind. 266, 269, 286 N.E.2d 657, 659 (1972). However, the provision in the Worker's Compensation Act for review of orders resolving less than all issues is not unique. We note, for example, that a parallel provision in Ind. Appellate Rule 4(B)(1) provides for interlocutory appeals of trial court orders "[f]or the payment of money," among other things. Resolution of all issues is the normal, but not the uniformly required, predicate for an appeal even for trial court orders.

Our conclusion that an award is appealable is further supported by the overall purpose of Indiana's Worker's Compensation Act. The Act was enacted to remove obstacles and provide a more certain remedy for injured employees. *Leisure v. Leisure,* 605 N.E.2d 755, 759 (Ind.1993). This Court has long been of the view that worker's compensation acts are designed to afford injured employees an expeditious remedy independent of any negligence. *Frampton v. Central Ind. Gas Co.,* 260 Ind. 249, 250–51, 297 N.E.2d 425, 427 (1973). The basic policy behind this legislation is to shift the economic burden for employment related injuries from the employee to the employer. *Id.; Talas,* 435 N.E.2d at 28. Many employees who are disabled by a work-related injury are unable to afford medical treatment when compensability under the Act is disputed. Even those employees with health insurance may be denied coverage because of exclusions, designed to fit with anticipated worker's compensation benefits, for injuries obtained during the course of employment. The lack of access to medical treatment may slow or even prevent the employee's ability to achieve full recovery and return to work. Thus, we conclude that appeals of temporary total disability awards are provided by statute, are not precluded by any rule of this Court, and are consistent with, and further

the goals of Indiana's Worker's Compensation Act.

### B. Reasonableness of Medical Care

 The Act requires the employer "prior to an adjudication of permanent impairment" to furnish a physician and other services the physician or Board "deems necessary." Ind.Code § 22–3–3–4(a) (1993). The Board is explicitly authorized in Ind. Code § 22–3–3–4(b), on application of either party, to determine what treatment is "reasonably necessary" during any period of temporary total disability. The statute is not entirely clear as a matter of syntax whether the time limitation "during the period of temporary total disability" applies to the Board's ruling or the furnishing of the services.[4] A practical construction, however, is that incident to an award or agreement relating to temporary total disability, the Board may also resolve any issues related to "reasonably necessary" medical treatment. It is clear that such a determination may be made immediately after the award or agreement for temporary total disability. Considerations of efficiency dictate a common sense construction that would permit the two to be resolved in a single proceeding. Moreover, Ind.Code § 22–3–3–7(a) provides that "compensation" on account of injuries that produce only temporary total disability or temporary partial disability is not to begin until the eighth day of disability "except for medical benefits provided in [Ind.Code § 22–3–3–4]." This clearly implies that medical benefits are available immediately and that the period of temporary total disability may start with the injury even if benefits do not commence for seven days. The Board thus may make such a determination at any time during the period of temporary total disability. Ind.Code § 22–3–3–4(b) authorizes the Board to "require" the employer to furnish the necessary treatment.

Indiana Code § 22–3–3–4(c) deals with the period after an award of permanent partial impairment, and also provides that the Board

---

4. Indiana Code § 22–3–3–4(b) specifically provides:

> During the period of temporary total disability resulting from the injury, the employer shall furnish the physician services, and supplies, and the worker's compensation board may, on

proper application of either party, require that treatment by the physician and services and supplies be furnished by or on behalf of the employer as the worker's compensation board may deem reasonably necessary.

may "require" the employer to provide treatment or services as the Board "deem[s] necessary to limit or reduce" the employee's impairment. The statute does not by its terms make clear that a determination of the need for treatment or services is an "award" that may be enforced and appealed under the procedures described in Part II(A) of this opinion. However, the courts have treated medical benefits as awards subject to the restrictions of Ind.Code § 22–3–3–27. *See, e.g., Gregg v. Sun Oil Co.,* 180 Ind.App. 379, 380–81, 388 N.E.2d 588, 589–90 (1979). Ordinary usage would indicate that if incorporated into an order of compensation or an order requiring (or refusing to require) direction to furnish specific treatment, a determination of what treatment is reasonably necessary becomes part of an "order" or "award" that becomes enforceable and appealable, and we so hold. *See* Ind.Code §§ 22–3–4–8 and –9 (1993).

### C. Compensability of Claims and Other Limited Issues

■ We now address the question whether the Board may enter an enforceable and appealable order determining a claim to be compensable under the Act. This question is not readily resolved by reference to the statute alone. We find nothing in the language of the Act that either demands or rebuts the conclusion that an abstract issue of compensability can be resolved by the Board. Such a decision by the Board presumably would require that the Board resolve subsidiary issues such as whether the injury was work-related, whether the applicant was a covered employee, etc. However, it appears that the additional qualification to the question that the decision be "enforceable" necessarily entails that some award has been entered. This could take several forms, including an award of specified medical treatment. If so, it becomes an award subject to the same analysis described above.

If, however, the question contemplates a resolution of compensability of injuries resulting from a given accident without accompanying resolution of what remedial action (i.e. benefits, treatment, etc.) is appropriate, there is no award as contemplated by the statute, and nothing for a court to enforce

pursuant to Ind.Code § 22–3–4–9. Similarly, there is no appealable order at that point because no one has been directed to reimburse (or declared to be without right to compensation for) any specific benefit. We find nothing in the statute to preclude the Board from ruling on issues such as whether the injury is work-related or whether the applicant is a covered employee, if it wishes to do so. However, until that ruling becomes the predicate of an award, there is no enforceable or appealable order. We are uncertain what other limited issues may be contemplated by the question. The foregoing analysis hopefully provides some guidance.

### III. Board May Manage Its Own Docket

■ We have not been asked by the federal court to resolve and do not address any issues relating to the internal procedures of the Board. We respond to the question as certified that the Board may issue enforceable and appealable orders under the circumstances indicated in this opinion. The Board requests that it have the discretion to hear any particular case. We do not address any specific issue, but note that in general the Board, or any agency, has the authority to schedule its own docket, and discretion as to the order, timing, and content of decisions. There may well be practical considerations that cause the Board in a given circumstance either to defer or consolidate a decision or to condition interim relief on appropriate safeguards to protect against potential reversal. However, as a general proposition, we would assume that the first appealable order with respect to a given injury would resolve the basic issues relating to compensability for any future issues. If so, this may mitigate the risk of excessive payouts followed by unrecoverable claims generated by reversals at some subsequent date. If significant unfairness results, the legislature may seek to deal with it. Under the current statute, we respond to the certified question as indicated above.

### IV. Conclusion

In sum, we conclude that the Board may issue enforceable and appealable determinations as to termination of temporary total

disability benefits and the reasonableness of certain medical care. The Board's rulings on other limited issues, such as the compensability of a claim, must be the predicate of an award before such a ruling becomes enforceable and appealable.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.