# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**RONALD L. WILSON**
Badell & Wilson, P.C.
Rushville, Indiana

ATTORNEY FOR APPELLEE:

**PAUL L. FIELDS**
The Law Offices of the Liberty
Mutual Group
Carmel, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JANET STEWART, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1108-EX-793 |
| | ) | |
| RICHMOND COMMUNITY SCHOOLS, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE WORKER'S COMPENSATION BOARD OF INDIANA
Linda P. Hamilton, Chairman
Cause No. C-178177

**March 28, 2012**

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Janet Stewart appeals the final judgment of the Worker's Compensation Board of Indiana ("the Board") affirming a Single Hearing Member's ("the Member") determination of permanent partial impairment. The Board had previously reversed the Member's determination that Stewart was permanently and totally disabled and had remanded the determination to the Member to establish Stewart's degree of permanent partial impairment. We affirm.

## ISSUE

Stewart raises one issue, which we restate as: whether the Board's determination that she is not permanently and totally disabled is supported by sufficient evidence.

## FACTS AND PROCEDURAL HISTORY

Stewart worked for the Richmond Community School Corporation ("the School") as a physical education teacher. On December 5, 2003, Stewart was spotting a student as he attempted a gymnastic maneuver. The student fell onto Stewart, causing her to break her right leg. The injury required surgery and other treatment. Stewart applied for, and received, worker's compensation benefits for the surgery and other treatment.

After surgery, Stewart continued to experience pain and difficulty putting weight on the leg. On December 5, 2004, she fell at home and broke her right hip. Stewart contended that the fall was caused by continuing problems with her right leg. She did not return to work at the School after the hip injury.

Stewart applied for worker's compensation benefits related to her hip injury. After a hearing, the Member determined that the hip injury was related to Stewart's

work-related leg injury and that Stewart was permanently and totally disabled. The School appealed the decision to the full Board. The Board affirmed the Member's conclusion that Stewart's hip injury was a compensable claim. However, the Board reversed the Member's determination that Stewart was permanently and totally disabled and remanded for a calculation of her permanent partial impairment. Neither party appealed the Board's decision.

On remand, the parties filed factual stipulations and statements of contentions. In Stewart's statement of contentions she argued, as she had at the prior hearing, that she was permanently and totally disabled. In the alternative, she asserted that she "has 39% impairment." Appellant's App. p. 33. The Member concluded that Stewart had sustained a "39% permanent partial impairment in the amount of $60,100.00." *Id.* at 31. Stewart sought review from the full Board, which affirmed the Member's determination. This appeal followed.

<u>DISCUSSION AND DECISION</u>

In reviewing a worker's compensation decision, an appellate court is bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. *Christopher R. Brown, D.D.S., Inc. v. Decatur Cnty. Mem. Hosp.*, 892 N.E.2d 642, 646 (Ind. 2008). We examine the record only to determine whether there is substantial evidence and reasonable inferences that can be drawn therefrom to support the Board's findings and conclusions. *Id.* As to the Board's interpretation of the law, an appellate court employs a deferential standard of review to the interpretation of a statute by an administrative

3

agency charged with its enforcement in light of its expertise in the given area. *Id.* The Board will only be reversed if it incorrectly interpreted the Worker's Compensation Act. *Id.*

Stewart argues that the evidence establishes that she is permanently and totally disabled and the Board's decision must be reversed. The School contends that Stewart has waived her claim of permanent and total disability because she did not appeal the Board's determination that she was not permanently and totally disabled.

Stewart has not filed a Reply Brief or otherwise responded to the School's claim of waiver. When an appellee fails to file a brief responding to the appellant's arguments, we may apply a less stringent standard of review, reversing the judgment below if the appellant establishes prima facie error. *Ferguson v. Stevens*, 851 N.E.2d 1028, 1031 (Ind. Ct. App. 2006). In this case, Stewart's failure to respond to the School's claim of waiver is substantially like an appellee's failure to file a brief. The School's claim, if meritorious, is dispositive of Stewart's appeal. Therefore, we determine that the School need only establish a prima facie case in support of its claim. Prima facie is defined as at first sight, on first appearance, or on the face of it. *Id.*

To address the School's claim of waiver, we must determine whether the Board's decision that Stewart was not permanently and totally disabled was a final, appealable judgment. The School cites no cases in support of its argument and relies solely on Indiana Code section 22-3-4-8(b) (1986), which governs appeals of the Board's decisions. We have found more direct guidance on this subject in our Supreme Court's decision in *Cox v. Worker's Comp. Bd.*, 675 N.E.2d 1053 (Ind. 1996). In that case, a

4

group of injured workers filed a federal class action against the Board, asserting that the Board improperly refused to issue final awards on compensation claims until the claimants reached a state of maximum medical improvement. The Board contended that a decision on temporary benefit issues would not be a final order subject to judicial review. The federal court asked our Supreme Court to address several certified questions, including: "without disposing of all of the issues that may exist or arise between the parties . . . [m]ay the Board make an enforceable and appealable determination that temporary total disability benefits have been properly terminated?" *Id.* at 1055.

Our Supreme Court reviewed the governing statutes and determined that the Board was authorized to issue an order addressing temporary total disability benefits, and that such an order would be enforceable in court. Next, the Court turned to whether such an order would be appealable. The Court noted that by statute, a party to a proceeding before the Board may seek review of an award at the Court of Appeals. *See id.* at 1056-57 (citing Ind. Code § 22-3-4-8). Giving the words of the statute their plain and ordinary meaning, and noting that the Indiana Worker's Compensation Act is intended to remove obstacles and provide a more certain, expeditious remedy for injured employees, our Supreme Court concluded that an order regarding temporary total disability benefits is a final decision subject to appellate review, even though the parties' dispute is not yet fully resolved as to all issues.

Here, the Board's reversal of the Member's determination that Stewart was permanently and totally disabled is analogous to a ruling on temporary total disability as

5

discussed in *Cox*. The parties fully argued the question of permanent and total disability, and nothing remained to be addressed after the Board issued its ruling. In fact, the Board's determination that Stewart was not permanently and totally disabled is more definite than a determination of temporary total disability, because the status of temporary total disability is subject to further evidentiary developments. Furthermore, appellate review of the Board's decision that Stewart was not permanently and totally disabled would have promoted judicial efficiency, because a reversal of the Board's decision would have eliminated the need for further proceedings before the Member. Consequently, based on the holding in *Cox*, we conclude that the Board's determination that Stewart was not permanently and totally disabled was a final award subject to appellate review. Stewart failed to seek appellate review of the Board's determination. As a result, Stewart has waived any claim of error related to the Board's decision that she is not permanently and totally disabled. The School has presented a prima facie case in support of its claim of waiver and we therefore find no reversible error.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the Board.

Affirmed.

BAILEY, J., and CRONE, J., concur.