


FILED

Nov 07 2025, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Speedway, LLC,

*Appellant-Defendant*

v.

Kendall Shedd,

*Appellee-Plaintiff*

November 7, 2025

Court of Appeals Case No.
25A-EX-1386

Appeal from the Full Worker's Compensation Board of Indiana

Linda Peterson Hamilton, Chairman

Application No.
C-263247

**Opinion by Judge Tavitas**
Judges Bailey and Kenworthy concur.

**Tavitas, Judge.**

## Case Summary

[1] Speedway, LLC ("Speedway") appeals the order of the full Worker's Compensation Board ("the Board") denying Speedway's motion to dismiss Kendall Shedd's application for adjustment of claim. Speedway argues that the Board erred by determining that Shedd did not reach a settlement with the underlying tortfeasor, thereby terminating Speedway's obligation to provide Shedd with further benefits. We *sua sponte* conclude that the Board's order denying Speedway's motion to dismiss was not a final appealable order. Accordingly, we dismiss this appeal.

## Issue

[2] We raise one issue *sua sponte*: whether the Board's order denying Speedway's motion to dismiss was a final appealable order.

## Facts

[3] The facts of this case appear to be undisputed. On July 17, 2022, Shedd was employed by Speedway and working at a Speedway store in Fort Wayne. While she was outside the Speedway store on a break, a car driven by Jerry Muzzillo struck Shedd and pinned her body between the outer wall of the store and Muzzillo's vehicle. Shedd suffered catastrophic injuries as a result, including amputation of her right leg above the knee, significant trauma to her left lower extremity requiring surgery, a severe spinal injury, and psychological

injuries. Shedd's injuries have not yet reached maximum medical improvement.

[4] Speedway determined that Shedd's worker's compensation claim was compensable, and Speedway's worker's compensation administrator, Sedgwick, provided Shedd with medical benefits and paid temporary total disability ("TTD") benefits from July 2022 through January 2025, in weekly installments of $317.76, totaling $40,854.86 in TTD benefits. Shedd's compensable medical expenses have exceeded $590,000.

[5] Shedd retained counsel to file a personal injury claim against Muzzillo. On October 26, 2023, Shedd signed a "Release of All Claims" ("Release") agreeing to release her claims against Muzzillo in exchange for payment of $500,000—the liability limits of Muzzillo's policy with Cincinnati Insurance Company ("Cincinnati"). Appellant's App. Vol. II p. 118. The Release contained standard language acknowledging receipt of payment. Shedd, however, did not receive any payment, and neither Muzzillo nor Cincinnati signed the Release. Shedd did not obtain Speedway's or Sedgwick's written consent before signing the Release.

[6] On November 2, 2023, Shedd's attorney sent the signed Release to Muzzillo's insurer, Cincinnati. Later that day, Cincinnati's claims representative emailed Shedd's attorney and stated that Cincinnati had received notice of Sedgwick's worker's compensation lien and asked how the $500,000 settlement check should be made payable, i.e., whether Sedgwick should be included as a payee.

Shedd's attorney responded later that day, stating: "at this time no check can be deposited as there is no final [worker's compensation] lien and the [worker's compensation] treatment is ongoing. It would likely expire before anyone is able to deposit." *Id.* at 134-35. When Cincinnati asked whether to hold off on issuing the settlement payment or send the check made payable to multiple parties, Shedd's attorney responded: "Hold off for now." *Id.* at 135. Sedgwick's adjuster was copied on these email exchanges but did not respond. Accordingly, no settlement check was ever issued by Cincinnati, and Shedd never received any payment from Cincinnati. Neither Shedd nor Cincinnati has taken action to enforce the Release.

[7] On June 21, 2024, Shedd filed an application for adjustment of claim with the Board. One week later, Shedd filed a civil lawsuit alleging negligence against Muzzillo.[1] On October 11, 2024, Speedway and Sedgwick moved to intervene in Shedd's civil suit, which the court granted on November 18, 2024. This civil case remains pending.

[8] On December 19, 2024, Speedway served State Form 38911 on Shedd. This document notified Shedd of Speedway's intent to terminate Shedd's worker's compensation benefits effective January 2, 2025. Speedway claimed that Shedd had settled her claim against Muzzillo and that, under Indiana Code 22-3-2-

---

[1] Shedd's action also sought underinsured motorist benefits from her insurer, State Farm. State Farm was subsequently dismissed as a defendant.

13(a)[2] and *Smith v. Champion Trucking Co.*, 925 N.E.2d 362 (Ind. 2010), Speedway's liability to pay further benefits was terminated by statute. On January 28, 2025, Speedway moved to dismiss Shedd's worker's compensation claim on these same grounds.

[9] On January 29, 2025, the Single Hearing Member of the Board held a hearing on Speedway's motion to dismiss. On February 4, 2025, the Single Hearing Member denied Speedway's motion to dismiss, finding that no settlement had been made because no payment had been received by Shedd. Speedway then filed an application for review by the Board. On April 28, 2025, the Board held a hearing on the matter and, on May 21, 2025, the Board issued its decision affirming the Single Hearing Member's denial of Speedway's motion to dismiss. Speedway filed its notice of appeal on June 4, 2025, and this appeal ensued.

## Discussion and Decision

[10] Speedway claims that the Board erred by denying Speedway's motion to dismiss Shedd's application for adjustment of claim. We, however, conclude *sua sponte* that the Board's order denying Speedway's motion to dismiss was not a final appealable order.

---

[2] This statute permits an injured worker to sue a third party who caused the injury even though the worker is receiving worker's compensation benefits. If, however, the worker recovers via judgment or settlement from the third party, he or she must repay the employer (or the employer's worker's compensation carrier) for the benefits already received, and future benefits will cease. I.C. § 22-3-2-13(a).

[11]     In *Means v. State*, 201 N.E.3d 1158, 1163 (Ind. 2023), our Supreme Court explained that Indiana appellate courts generally "have jurisdiction only over appeals from judgments either disposing of all claims as to all parties, or which the trial court certifies as lacking any just reason to delay entering judgment as to fewer than all the issues, claims, or parties under Trial Rule 54(B) or Trial Rule 56(C)." (citations modified).

[12]     Our Supreme Court has also explained:

> An appellate court must have jurisdiction to review a trial court's order, and a court has a duty to determine whether it has jurisdiction before proceeding to the merits of the case. Appellate jurisdiction cannot be conferred by the parties or the trial court if the order is not appealable either as a final judgment or under Trial Rule 54(B). Whether an order is a final judgment governs the appellate courts' subject matter jurisdiction. Appellate jurisdiction can be raised at any time and the appellate court may consider the issue sua sponte. Jurisdiction is a question of law we review de novo.

*In re Adoption of S.L.*, 210 N.E.3d 1280, 1282 (Ind. 2023) (citations modified).

[13]     At issue here is the Board's order denying Speedway's motion to dismiss Shedd's application for adjustment of claim. The Board's order did not dispose of all issues as to all parties; it merely denied Speedway's motion to dismiss Shedd's application for adjustment of claim.[3] The Board's order is, accordingly, not a final appealable order. "Generally, the denial of a motion to

---

[3] Nor did the Board's order include the "magic language" of Trial Rule 54(B).

dismiss 'is not in itself a final appealable order.' Rather, the denial typically amounts to an interlocutory order requiring certification for appeal." *O'Connell v. Clay*, No. 25S-MI-342025, slip op. at 5-6, ___ N.E.3d ___, ___ (Ind. Oct. 16, 2025) (quoting *Sch. City of Gary v. Cont'l Elec. Co.*, 301 N.E.2d 803, 808 (Ind. Ct. App. 1973)); *see also Anonymous Provider 2 v. Estate of Askew ex rel. Askew*, 223 N.E.3d 727, 731 (Ind. Ct. App. 2023) (order denying medical provider's motion to dismiss was not a final appealable order).

[14]    We recognize that our Supreme Court has held that some orders from the Board are appealable even if such orders do not fully resolve all issues as to all parties. *See Cox v. Worker's Comp. Bd.*, 675 N.E.2d 1053, 1057-58 (Ind. 1996) (holding that order granting TTD benefits was an award subject to appellate review, even though the parties' dispute was not yet fully resolved as to all issues). This conclusion is based on Indiana Code Section 22-3-4-8, which provides for appeals of "an award" from the Board directly to this Court. This statute provides in relevant part:

* * * * *

> (b) An award by the full board shall be conclusive and binding as to all questions of [] fact, **but either party to the dispute may, within thirty (30) days from the date of such award, appeal to the court of appeals for errors of law under the same terms and conditions as govern appeals in ordinary civil actions**.

> (c) The board of its own motion may certify questions of law to said court of appeals for its decision and determination.

* * * * *

> (e) All such appeals and certified questions of law shall be submitted upon the date filed in the court of appeals, shall be advanced upon the docket of said court, and shall be determined at the earliest practicable date, without any extensions of time for filing briefs.

* * * * *

Ind. Code § 22-3-4-8 (emphasis added). It is clear from this statute that an "award" by the Board is appealable to this Court.[4] In *Cox*, the Court held that an order granting or denying TTD benefits was appealable under this statute. 675 N.E.2d at 1057. But the Court also recognized that other orders "short of reaching an award" are not appealable. *See id*. at 1057 n.3.[5]

[15] Here, the Board did not issue an award to Shedd based on her application for adjustment of claim. It simply denied Speedway's motion to dismiss Shedd's application. At the end of its order, the Board stated, "[t]his matter shall be set for further Hearing before the single Hearing Member of this Board." Appellant's App. Vol. II p. 9. Thus, the Board has yet to rule on the merits of Shedd's application. We, therefore, conclude that Indiana Code Section 22-3-4-

---

[4] The Board may also certify questions of law to this Court, but the Board certified no questions of law here.

[5] The cases cited in footnote 3 of *Cox* involved orders that did not result in an award and were, therefore, not appealable. *See Scherger Chevrolet Sales, Inc. v. Eubank*, 335 N.E.2d 238 (Ind. Ct. App. 1975) (order remanding for a hearing on the merits); *Delaware Mach. & Tool Co. v. Yates*, 301 N.E.2d 857 (Ind. Ct. App. 1973) (order refusing to order an autopsy); *Knox Consol. Coal Corp. v. Onions*, 53 N.E.2d 643 (Ind. App. 1944) (order vacating single board member's award and setting aside parties' stipulation of facts); *Youngstown Sheet & Tube Co. v. Torrez*, 174 N.E. 296 (Ind. App. 1931) (order permitting amendment of claims); *Kuratnik v. Ill. Steel Co.*, 146 N.E. 216 (Ind. App. 1925) (order suspending proceedings); *D'Agostino v. Gen. Am. Tank Car Corp.*, 146 N.E. 216 (Ind. App. 1925) (order suppressing depositions). The order denying Speedway's motion to dismiss is much closer to these pre-award procedural orders than the order granting benefits in *Cox*.

8 does not allow Speedway to appeal from the Board's denial of Speedway's motion to dismiss.

## Conclusion

[16] We have a duty to determine our own jurisdiction *sua sponte*. Because the Board's order is neither a final appealable order nor an award appealable under Indiana Code Section 22-3-4-8, we lack jurisdiction and dismiss this appeal.

[17] Dismissed.

Bailey, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANT

Ami T. Anderson
Tricia G. Bellich
Lewis Brisbois Bisgaard & Smith LLP
Highland, Indiana

ATTORNEYS FOR APPELLEE

Brandon G. Milster
Klezmer Maudlin, P.C.
Indianapolis, Indiana

Nathan B. Maudlin
New Harmony, Indiana